THE CHICAGO SCREW COMPANY

*v.*

JOHN WEISS.

*Opinion filed June 16, 1903—Rehearing denied October 7, 1903.*

1. MASTER AND SERVANT—*rule where both master and servant know of defect.* Where both master and servant know of a defect in an appliance but the servant does not know that the defect subjects him to the risk of injury, he is not held to have assumed the risk unless he should have comprehended the danger by the exercise of ordinary judgment.

2. SAME—*elements to be considered in determining whether a servant knew of the danger.* In determining whether a servant should be charged with knowledge of the danger from a defect, his youth and inexperience, and the assurance of his foreman that the machine was "all right," and his direction to "go ahead" with the work, are elements to be considered.

3. SAME—*whether servant assumed risk is ordinarily a question of fact.* Whether a servant assumed the risk of the injury he received is ordinarily a question of fact for the jury, and becomes a question of law only when but one conclusion can reasonably be drawn.

4. INSTRUCTIONS—*when alleged assumption of fact in instruction will not reverse.* An alleged assumption, in an instruction, of the fact that the machine plaintiff was using was defective, will not reverse, where the fact that it was defective is not controverted.

5. PARENT AND CHILD—*prosecution of suit for damages by father as next friend relinquishes right to earnings.* Prosecution of a suit in the name of a minor by his father as next friend is equivalent to a relinquishment by the father of his right to claim the earnings of such minor.

6. PARTIES—*when substituting father as next friend is not error.* In an action for personal injury in the name of a minor by his sister

as next friend, if no objection to the proof of his earnings upon the question of damages is made until the motion for new trial, it is not error to permit the sister to withdraw as next friend, substitute the father of the minor in her place and enter an order ratifying her acts and authorizing the papers to be amended.

*Chicago Screw Co.* v. *Weiss*, 107 Ill. App. 39, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. W. BURKE, Judge, presiding.

F. J. CANTY, and J. C. M. CLOW, for appellant.

DARROW & THOMPSON, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant company by this appeal questions the correctness of the judgment entered in the Appellate Court for the First District affirming the judgment of the circuit court of Cook county awarding the appellee damages in the sum of $3500 for personal injuries received by reason of the negligence of the appellant company. The alleged errors for which it is thought the Appellate Court should have reversed the judgment of the circuit court are, (1) the refusal of the circuit court to direct a peremptory verdict in favor of the appellant company; and (2) giving to the jury instructions Nos. 1, 2 and 3 at the request of the appellee.

At the time of the injury the appellee, a youth then of the age of seventeen years, was engaged, as an employee of the appellant company, in the work of operating a machine by which the heads of screws were shaped and finished. The screws were placed in a part of the machine called a "chuck" or holder, which chuck was so moved by an eccentric as to bring one side of the head of the screw in contact with a set of rapidly revolving wheels or knives, by which that portion of the head of the screw was shaped and finished. The chuck or holder

was then moved backward by means of a lever or handle and the screw turned so that the reverse side of the head thereof would be presented to the revolving wheels or knives to be shaped and finished. This handle or lever in moving the chuck back passed over the wheels or knives and at a distance of three and one-half or four inches above them. It was the duty of the appellee to put the screws into the chuck or holder and to move the lever or handle forward and back. The machine worked automatically, and was set to finish two hundred and fifty screws per hour. This made it necessary that the appellee should pull the lever or handle across the plate over and above the wheels or knives four times each minute. It was necessary that he should move the lever or handle with his left hand. While so engaged one of the fingers of his left hand came in contact with the wheels or knives and the injury was inflicted for which the recovery of damages was awarded. Appellee began working on this machine on the afternoon of Monday, the 18th day of February, 1901, and had never worked on such a machine before. He worked that afternoon and was injured at eight o'clock on the morning of the next day. The testimony tended to show that one of several screws which fastened the lever or handle in place had fallen out and two other of such screws had become loose, and that the appellee called the attention of the foreman to the fact that the lever was loose; that the foreman examined the lever and told the appellee it was "all right" and to go on with his work; that by reason of the lever being thus out of repair it was caused to suddenly "stick" or stop while appellee was moving it above the wheels or knives, causing his hand to slip from the handle or lever down on the revolving wheels or knives.

Discussion and argument are wholly unnecessary to demonstrate that the evidence tended to show that the appellant company was guilty of negligence and that such negligence was the proximate cause of the injury.

Nor did the court err in refusing to hold, as matter of law, that the appellee assumed the risk of injury. The appellee knew of the defective condition of the lever or handle. The defects interfered with the working of the lever and the appellee notified the appellant's assistant foreman. This representative of the appellant company inspected the lever and told the appellee that it was "all right" and to "go ahead with the work." The case was that both master and servant knew of the defect. If the servant did not also know that the defect subjected him to the danger of injury he would not be deemed to have assumed the risk, unless in the exercise of ordinary judgment and discretion he should have comprehended the danger. (*Consolidated Coal Co.* v. *Haenni*, 146 Ill. 614; *Union Show Case Co.* v. *Blindauer*, 175 id. 325.) The youth and inexperience of the appellee, the effect upon his mind of the assurance of the foreman, whom he had the right to regard as possessed of superior knowledge and judgment, that the machine was "all right," and the direction of the foreman given to him to "go ahead" with the work, were elements to be considered in determining whether he ought to be charged with knowledge of the danger arising or likely to arise from the defective machinery. It was a question of fact to be determined by the jury whether the appellee had such understanding and appreciation of the peril to which the defect in the fastening of the lever exposed him as to defeat his right of recovery on the ground he had assumed the risk of continuing to work with the machine. Whether a servant had assumed the danger which he encountered is ordinarily a question of fact, and only becomes a question of law when but one conclusion can be drawn from the evidence by all reasonable minds. (*Browne* v. *Siegel, Cooper & Co.* 191 Ill. 226.)

Instruction No. 1 given for the appellee declared, in the abstract, the doctrine that it is the duty of the master to provide reasonably safe machinery for the use of

the servant and to use reasonable care to keep such machine in a reasonably safe condition. The complaint that the instruction was likely to be understood by the jury to assume that the machine was defective is entirely without foundation. There is no such assumption declared or to be implied from the instruction. Moreover, Mr. Tilton, assistant foreman of the appellant company, testified that the lever of this machine would stick occasionally, and that such sticking was caused by the screws working loose, allowing the lever to drop and rub a little harder on the pin and catch and stick. There was no controverting proof. That the machine was so defective was not a controverted issue of fact, hence it would not be deemed error of reversible character had the instruction proceeded upon the assumption that such was the fact.

The objection to instruction No. 2 given at the request of the appellee is, that it "does not require the jury to find the defendant was guilty of negligence at all." The effect of the instruction was to advise the jury that if they believed, from the evidence, that the machine at which the appellee was working exposed him to danger, and that the appellant company or its foreman had knowledge of the danger and peril to which the appellee was thus exposed, and that the appellee was young and inexperienced and did not understand and appreciate the dangers or perils which attended upon performance of the work, it was the duty of the appellant company to warn or give notice to the appellee of such dangers, and that if the appellant company failed to give such notice or warning, and in consequence thereof the plaintiff was injured without any lack of ordinary care for his own safety on his part, the appellant company should be held liable to respond in damages. The right to recover was plainly made to depend on the state of the proof as to the alleged duty of the appellant company to warn and advise appellee and as to the alleged breach of the duty.

Instruction No. 3 given for the appellee was intended to enlighten the jury as to the elements of damage proper to be considered in case they found for the appellee. The loss of earnings while incapacitated from work was included as an element of damages. The appellee was a minor and his father was alive, and it is urged that the right to recover compensation for his services and labor was in his father, and hence it is urged that the instruction was erroneous. The appellant company, without objection, permitted proof to be introduced as to the ability of the appellee to earn wages, and did not seek to raise the question of the right of the appellee to receive his earnings until after the verdict of the jury had been returned. The question was first raised in the motion for a new trial. The suit was instituted and had been prosecuted to verdict in the name of the appellee by Rose Weiss, his sister, as his next friend. A motion was entered by said Rose Weiss for leave to withdraw as next friend of the appellee, and another motion was presented by Franz Weiss, his father, to be appointed as his next friend. These motions were granted, and Rose Weiss withdrew her appearance as next friend and the father of the appellee was substituted in her stead, and he appeared in open court and accepted the appointment. An order was entered ratifying and affirming the acts of the former next friend, and authorizing the *præcipe*, summons, declaration and all papers in the case to be so amended as to designate the said father as the next friend of the appellee, and such amendments were accordingly made.

The parent may relinquish his right to the earnings of his child, and that he has done so may be inferred from the conduct of the parent, (21 Am. & Eng. Ency. of Law,—2d ed.—1059,) and the prosecution of a suit in the name of the child by the father as next friend, for the recovery of the earnings of the minor, would be equivalent to a relinquishment on the part of the father of the authority to collect or claim such earnings in his own

right.   It was so expressly ruled in *Baker* v. *Flint and Pierre Marquette Railroad Co.* 91 Mich. 298.  In *Scott* v. *White*, 71 Ill. 287, the judgment below was for the reasonable value of the labor of the appellee for services performed before he had reached lawful age. ' It was urged as ground of reversal that it appeared the father of the appellee was living and therefore entitled to recover the earnings of the son while a minor.   The father had appeared as a witness in behalf of the son and gave testimony in support of the cause of action and made no claim to the wages and spoke of the transaction as his son's, and we held it was to be implied the father had emancipated the son, and that under such circumstances the action brought by the son would be a bar to any action the father might bring, and affirmed the judgment.  Had the appellant company presented an objection to the introduction of evidence as to the ability of the appellee to earn wages as an element of damages, on the ground that the legal presumption was that the father was entitled to collect his earnings, the objection might have been obviated by proof that the father had emancipated the appellee.  Not having made the objection it was not error to allow it to be obviated after verdict by introducing the father as a party to the action as the next friend of the appellee, and thereby rebut the presumption that the legal right to recover for the services of the appellee remained in the father.

Twenty-nine instructions were granted at the request of the appellant company, and no complaint is or can be made that the jury were not fully advised as to every principle of law favorable to the defense sought to be made to the action.

The judgment must be and is affirmed.

*Judgment affirmed.*