## The Register-Gazette Company v. W. I. Larash et al.

1. WARRANTY—*how question as to existence of, should be determined.* Where the existence or non-existence of a warranty depends upon the construction of a contract, the question is one of law for the court.

2. INSTRUCTIONS—*when should be accurate.* Where a case upon the facts is close, the instructions to the jury should be accurate.

Action of assumpsit. Appeal from the Circuit Court of Schuyler County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed November 24, 1905.

L. A. JARMAN and R. K. WELSH, for appellant.

D. L. MOURNING and GLASS & BOTTENBERG, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

The Register-Gazette Company of Rockford, Illinois, brought suit in the Schuyler County Circuit Court against W. I. Larash and C. A. Lantz, copartners, to recover a balance alleged to be due upon a contract for the sale of a printing press and folder. Defendants in that suit alleged a warranty upon the press and folder and breach thereof, and claimed damages in offset. A verdict was returned in favor of the defendants upon their plea of offset for the sum of $500 and a judgment entered thereon; from that judgment the Register-Gazette Company has appealed to this court.

The press and folder were sold to the appellees under a written contract. The contract by its terms contains two express warranties, the one in relation to the press being in the following words: "The Register-Gazette Company agrees that when the press is properly erected it will satisfactorily print, fold and deliver 1,800 papers per hour of eight pages each;" the other relates to the folder and is in the words, to wit: "Folder to be rebuilt to handle a six-column eight-page paper, the column to be a little short of the standard length." There was no other warranty involved in the pleadings beyond those just above mentioned.

The offset in this case, having been based upon the express warranties so quoted, could not, under the issues in the case, rest upon any other or different warranty. Notwithstanding the fact that the issues were closed upon express warranties only, the court, upon the trial of the case, allowed Mr. Larash, one of the parties to the contract, over the objection of the plaintiff, to give testimony as follows:

"Q.   Before the purchase of the press did you make known to Mr. Bartlett your object in buying the press?
A.   I did.
Q.   What was the object you made known to him?
A.   To print this 50,000 edition.
Q.   Did you make known to him in what time you would like to have the 50,000 edition printed?
A.   I did.
Q.   What time did you state?
A.   By the first of May.
Q.   Was the press in operation at that time?
A.   No.
Q.   When did you have your 50,000 edition printed?
A.   Not until about the middle of July.
Q.   Where did you have it printed?
A.   About 25,000 at Galesburg, Illinois, by the Galesburg Mail."

Exception was taken to the action of the court in admitting such testimony.

We do not understand upon what theory this evidence could have been competent under the issues in this cause.

There was no agreement alleged upon the part of the Gazette Company to have the press in operation by the first of May, nor that the 50,000 edition could be printed upon it by the middle of July. The warranty alleged and evidenced by the written contract was that the press would satisfactorily print, fold and deliver, etc., "when properly erected." Since the issues were closed upon the express warranty only as stated in the contract, it seems to us that the admission of this evidence over the objection of the plaintiff was error.

The giving of appellees' first instruction was also error. That instruction was as follows:

"You are instructed by the court that if you shall find from a preponderance of the evidence that the plaintiff sold the press to the defendants and warranted the same and that there was a breach of said warranty, then the defendants have a right to rescind the contract and to recover from the plaintiff on their plea of set-off in this suit such damages, if any, as they sustained as the direct result of such breach of warranty; and in arriving at such damages it is proper for you to take into account money advanced to plaintiff by the defendants, if any, on the purchase price of said press, of money paid out, if any, by defendants for insurance, freighting, charges and repairs on press and folder; also all money paid out by defendants for the transportation, board and labor of hands in and about the erection and operation of said press, if any, and for material necessarily used in the erection and operation of the press and for necessary repairs thereon, if any."

This instruction clearly gives to the jury the right to find from the evidence whether there was or was not a warranty in the case, although whether there was a warranty was a question for the court, since it involved the construction of a contract. This instruction by its terms allowed the jury to infer that there was some warranty in the cause beside that expressed in the terms of the contract, and it is impossible for us to state that the jury did not, by virtue of this language in the instruction, infer that they had a right to find a warranty from the testimony which had so been given by Mr. Larash and to which counsel for appellant had objected. This instruction, it seems to us, was erroneous in submitting to the jury the question whether or not there was a warranty in the cause. That was a matter which the contract by its terms settled, and it was proper for the court to confine the attention of the jury to the warranty as expressed in the contract and not proper to allow the jury to determine whether or not there was a warranty in the cause outside of and beyond the one expressed in the contract.

The evidence in this case is very close and conflicting and such that, acting upon it alone, the jury could have found a verdict either way. In such a case it is important that the instructions upon the material questions should

accurately state the law.    We believe that the testimony above admitted was very prejudicial to appellant's case and that its admission was clearly erroneous and that the giving of appellees' first instruction was also error.    For these reasons the judgment of the court below must be reversed and the cause remanded.

*Reversed and remanded.*