SAMUEL RICHARDSON

*v.*

AXEL EDWARD NELSON.

*Opinion filed April 17, 1906.*

1. NEGLIGENCE—*a child under seven years is incapable of contributory negligence.* Prior to the age of seven years a child is incapable of such conduct as will constitute contributory negligence, and in an action by him for damages for injuries occasioned by the defendant's negligence, the negligence of the child's parent cannot be imputed to him to sustain the defense of contributory negligence.

2. EVIDENCE—*what evidence competent in an action for injury from falling icicle.* In an action against the owner of a building for an injury to the plaintiff from the falling of a mass of ice from the gutter, proof that the windows in another building than the one where the plaintiff was were broken by the falling ice and several boards of a platform leading to the defendant's building were also broken is competent, as tending to show the force with which the ice fell.

3. SAME—*when certified copy of deed is admissible in personal injury case.*  In an action against the owner of a building for an injury to the plaintiff from the falling of a mass of ice from the gutter, a certified copy of a deed of the property to the defendant is admissible, as tending to show the ownership and control of the property by the defendant at the time of the accident.

4. SAME—*whether ice would have formed again had the accumulation been removed is immaterial.*  Where the negligence complained of is the allowing of a mass of ice to accumulate in the gutter of a building, the question whether ice would have formed again had the accumulation been removed is immaterial.

5. TRIAL—*court cannot compel plaintiff to submit to examination of injury.*  In a personal injury case the court has no power to make and enforce an order requiring the plaintiff to submit to an examination of disinterested physicians as to extent of his injury.

6. INSTRUCTIONS—*when instruction does not make the jury sole judges of damages.*  An instruction stating that if the jury find for the plaintiff and that he has sustained damages it is not necessary, in order to enable them to estimate the damages, "that any witness should have expressed an opinion as to the amount of such damages, but the jury themselves must make such estimate from the facts and circumstances in proof and by considering them in connection with their knowledge, observation and experience in the affairs of ordinary life," is not erroneous as making the jury the sole judges of the damages.

7. SAME—*when error in instruction is cured.*  Error in an instruction permitting a minor child to recover damages for loss of time and inability to work in the future, without excluding the period of his minority from such time, is cured by another instruction expressly stating that no recovery can be had for medical services or for diminution in earning capacity during minority, and that all evidence as to such matters must be disregarded.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

JAMES B. MUIR, MILLARD F. RIGGLE, WILLIAM S. NEWBURGER, and ALFRED LIVINGSTON, for appellant.

M. J. MORAN, (GALLAGHER, FISKE & MESSNER, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellee, who sued by his next friend, Otto Nelson, recovered a judgment against the appellant in an action on the case in the superior court of Cook county in the sum of $1500. This is an appeal from a judgment of the Appellate Court for the First District affirming that of the superior court.

Appellant was the owner of a three-story brick building at 473 West Ohio street, in the city of Chicago. The building in which appellee resided was next to but separated from the building belonging to the appellant by a passageway four feet in width. In January or February, 1901, ice accumulated around and about the gutter-pipe or down-spout of appellant's building and formed a mass of ice about twenty inches in diameter, and overhung the upper windows of the building in which appellee resided. Appellant was notified several times before the accident that the ice was accumulating on his building and that it was dangerous to the people living in the building on which it had accumulated and in the building in which appellee resided. The appellant promised to attend to it, and did on one occasion prior to the accident have a man put salt on the ice, but did nothing further about it. On March 10, 1901, the mass of ice fell a distance of five or six feet to and against the building in which the appellee lived and crashed through a window near which the appellee was standing. A large piece of ice, weighing about twenty pounds, struck appellee's foot and injured it, and his face and hands were cut by the broken glass.

At the close of all the evidence appellant asked the court to peremptorily instruct the jury to find the defendant not guilty. The refusal of the court to give the instruction is not argued but is assigned for error in the brief of appellant. There is an abundance of evidence in the record tending to prove the facts to have been as stated hereinbefore, and we think the court properly refused the instruction.

The contentions of the appellant that the appellee was guilty of contributory negligence, and also that the father, who was in charge of the appellee, was guilty of contributory negligence, are questions of fact which were finally determined by the jury and the judgment of the Appellate Court. Furthermore, the defense of contributory negligence was not available in this case, the appellee at the time of the accident being an infant one year and nine months of age. Prior to the age of seven years a child is incapable of such conduct as will constitute contributory negligence, and the negligence of the parent of a child of tender years who is injured by the negligence of another cannot be imputed to the child so as to support the defense of contributory negligence to his suit for damages. *Chicago City Railway Co.* v. *Tuohy*, 196 Ill. 410.

It is claimed there was a variance between the declaration and the proof, in that the declaration alleged the "defendant was the owner and in care, custody and control of the building," while the proof showed that each flat in the building was rented. There was also evidence tending to show that the appellant was the owner and in control of the building, as alleged in the declaration. If the alleged variance was material it should have been called to the attention of the trial court, but this was not done. Such an objection comes too late when raised for the first time in the Appellate Court. *Libby, McNeill & Libby* v. *Scherman*, 146 Ill. 540; *Harris* v. *Shebek*, 151 id. 287.

It is insisted that the court erred in admitting evidence that windows in a building other than the one at which the appellee was injured were broken by the falling ice, and that the ice, in falling, broke three or four boards out of a platform leading into the appellant's building, and in admitting a certified copy of a deed showing the ownership of the premises from which the ice fell. The objection was that the evidence was immaterial and irrelevant. The damage done by the falling ice tended to show the force with which

the ice fell, and the certified copy of the deed tended to show the ownership and control of the property by the appellant at the time of the accident.

Appellant complains of the exclusion of the following question propounded to a witness on cross-examination: "Suppose the ice had been removed from the gutter-pipe, wouldn't it be liable to accumulate again there?" It is argued that "if it would have been of no avail to remove the ice there was no negligence in permitting it to remain." We fail to appreciate the force of this argument. The evidence was immaterial.

Lydia Crozier testified that she saw the appellee playing about his home some time after receiving the injury, and in response to a question asked by the appellant stated, "He walked the same as any other child would." This answer, on motion of appellee, was ordered to be stricken out by the court. The witness afterwards, in her testimony, stated that she saw appellee playing and did not notice anything the matter with him. Dr. Schiller also testified that he saw the appellee walk, and that he walked normally. Therefore the appellant had the benefit of the evidence, and the alleged error in striking it out was harmless in character.

Complaint is also made that the court refused to compel the appellee to submit to an examination, by disinterested medical experts, of his foot which was alleged to have been injured. The ruling was not erroneous. This court is committed to the doctrine that the court had no power to make or enforce such an order. *Parker* v. *Enslow*, 102 Ill. 272; *Joliet Street Railway Co.* v. *Call*, 143 id. 177; *Peoria, Decatur and Evansville Railway Co.* v. *Rice*, 144 id. 227.

Appellant insists that the court erred in giving instructions Nos. 1, 2 and 4 on behalf of the appellee. Instruction No. 1 is as follows:

"If, from the evidence in the case and the instructions of the court, the jury shall find the issues for the plaintiff and that the plaintiff has sustained damages as charged in

the declaration, then, to enable the jury to estimate the amount of damages, it is not necessary that any witness should have expressed an opinion as to amount of such damage, but the jury themselves must make such estimate from the facts and circumstances in proof, and by considering them in connection with their knowledge, observation and experience in the affairs of ordinary life."

The complaint is, that it tells the jury that there is no rule of law by which they can estimate the damages, but they are the sole judges. An instruction identically the same as No. 1 was before this court, under the same objection that is urged here, in the case of *North Chicago Street Railroad Co.* v. *Fitzgibbons*, 180 Ill. 466, and received our approval.

Instruction No. 2 is as follows:

"The court instructs the jury that if you find for the plaintiff you will be required to determine the amount of damages. In determining the amount of damages plaintiff is entitled to recover in this case, if any, the jury have a right to, and they should, take into consideration all the evidence pertaining to plaintiff's physical injuries, * * * and such loss of time and inability to work in the future, if any, which the jury may believe, from the evidence, he will sustain on account of such injuries, and may find for him such sum as in the judgment of the jury, under the evidence and instructions of the court, will be a fair compensation for the injuries he has sustained or will sustain, if any, so far as such damages are claimed and alleged in the declaration."

The objections urged to this instruction are, that it allowed the jury to assess damages for the loss of time and loss of earning power during appellee's minority, and that it tells the jury that they may assess damages "for injuries he has sustained or will sustain, if any, so far as such damages are claimed and alleged in the declaration." The declaration alleges damages because "plaintiff became liable for and did lay out divers large sums of money in and about en-

deavoring to be healed and cured of his said sickness and disorders, amounting to, to-wit, $100," etc. Standing alone, instruction No. 2 is subject to criticism, but if the instructions, taken as a series, state the law correctly, the error in the second instruction may be obviated. The instruction is very general in nature, and is followed by an instruction given on behalf of the appellant which is clear and positive in its terms. It is as follows:

"The court instructs the jury that if you believe the defendant guilty, even then the plaintiff cannot recover in this suit either for medical service or for diminution of earning power during minority, and in this case you are to disregard all evidence tending to prove either the value of medical service or the diminution of earning power during minority."

The appellant insists this instruction cannot cure the defect in instruction No. 2; that the instructions are diametrically opposed and that no amount of reasoning can reconcile them, and that it is impossible to say which instruction the jury followed. Instruction No. 2 tells the jury damages may be assessed for the loss of time and inability to work in the future, and that damages may be assessed, if proven, "so far as such damages are claimed and alleged in the declaration." The appellee could recover for loss of time and earnings after reaching his majority. That was a proper element of damages. But to have been strictly accurate this limitation should have been recognized. Appellant's instruction supplements instruction No. 2, and plainly advises the jury that damages could not be recovered for medical services and diminution of earning powers during minority. The two instructions, considered together, are not contradictory or inconsistent. The latter explains the former, and as a series correctly state the rule of liability. The jury were not likely to have been misled. The error was obviated and rendered harmless. *Toledo, Wabash and Western Railway Co.* v. *Ingraham,* 77 Ill. 309; *Galesburg and Great Eastern Railway Co.* v. *Milroy,* 181 id. 243.

Counsel for appellee, in his closing argument to the jury, attempted to go outside of the record and refer to judgments which had been sanctioned in other cases. This was improper, but objections thereto were promptly sustained by the court. We do not think what is here complained of proceeded to such length or was of such serious character as to warrant a reversal of the judgment.

The record is free from substantial error, and the judgment of the Appellate Court must be and is affirmed.

*Judgment affirmed.*