### Eliza Forney v. Village of Melvin.

1. INSTRUCTIONS—*must be predicated upon the issues.* Instructions must be predicated upon the issues in the cause.

2. SIDEWALK—*when municipality liable for injury occurring upon, notwithstanding its negligence was not the sole cause of the accident.* Where an accident and a defect in a sidewalk combined to produce an injury, and the injury would not have resulted but for the defect, although the primary cause be a pure accident, yet if the party injured be without negligence, if the accident be one which common prudence and sagacity upon the part of the person injured could not have foreseen and provided against, the city is liable.

Action in case for personal injuries. Appeal from the Circuit Court of Ford County; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

A. L. PHILLIPS, for appellant.

CLOUD & THOMPSON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellant against appellee to recover damages for personal injuries alleged to have been occasioned by a defective sidewalk. A trial by jury resulted in a verdict in favor of appellee, upon which the court rendered judgment against appellant for costs and in bar of her action. It is sufficient to say of the evidence in the record bearing upon the alleged

negligence of appellee, the exercise of due care by appellant and the extent of appellant's injuries, that it is so close and conflicting that it would support a verdict for either party.   In this state of the record it was essential that the jury should have been perspicuously and accurately instructed as to the law governing the case.

The tenth instruction given to the jury at the request of appellee is, as follows:

"If you believe from the evidence that the place where plaintiff was injured was rendered unsafe for use by reason of sleet and snow falling thereon during the afternoon and evening in question, if you believe from the evidence sleet and snow did fall thereon, and that because of the sleet and snow on said place, the plaintiff slipped and fell and was injured, and that the plaintiff would not have fallen except for such sleet and snow, then, if you so find from the evidence, the plaintiff will not be entitled to recover."

Permitting ice and snow to accumulate upon the sidewalk so as to form an obstruction was not alleged in the declaration as a substantive ground of negligence on the part of appellee, nor is there any evidence in the record tending to show negligence on the part of appellee in that respect.   There is evidence tending to show that the sidewalk was defective, in that one of the planks was broken and unfastened, and there were holes or openings into which appellant's foot might have entered.   Appellant claimed that her injury was occasioned by unavoidably stepping into a hole.   There is also evidence tending to show that there was then some snow upon the sidewalk, which might have caused appellant's foot to slip.   The instruction was erroneous and clearly prejudicial to appellant.   It entirely ignored the duty incumbent upon appellee to exercise reasonable care to keep the sidewalk in a reasonably safe condition for travel, and excused appellee from any liability if the injury to appellant was occasioned by

her foot slipping on the snow and stepping into a defective portion of the walk. It may well be that appellant might not have fallen if her foot had not slipped upon the snow, but if, while she was in the exercise of ordinary care for her safety, her injury was occasioned by her foot so slipping into a defective portion of the walk, and appellee was guilty of negligence in permitting the walk to become and remain so defective, it would, nevertheless, be liable. Where an accident and a defect in a sidewalk combine to produce the injury, and the injury would not have resulted but for the defect, although the primary cause be a pure accident, yet if the party injured be without negligence, if the accident be one which common prudence and sagacity upon the part of the person injured could not have foreseen and provided against, the city is liable. City of Joliet v. Verley, 35 Ill. 58; City of Bloomington v. Bay, 42 Ill. 503; City of Lacon v. Page, 48 Ill. 499; Village of Carterville v. Cook, 129 Ill. 152; Armour v. Golkowska, 202 Ill. 144; Siegel, Cooper & Co. v. Trcka, 218 Ill. 559.

For the error in giving appellee's 10th instruction the judgment is reversed and the cause remanded.

*Reversed and remanded.*