## Clarence Long, Appellee, v. Chicago, Bloomington & Decatur Railway Company, Appellant.

1. MASTER AND SERVANT—*duty to furnish safe appliances.* It is the duty of the master to make a proper inspection of appliances and not to furnish to the servant defective and dangerous ones.

2. MASTER AND SERVANT—*when doctrine of assumed risk does not apply.* Where both master and servant know of a defective appliance, but the servant does not know that the defect subjects him to the risk of an injury, he is not held to have assumed the risk, unless he should have comprehended the danger by the exercise of ordinary care.

Action in case for personal injuries. Appeal from the Circuit Court of De Witt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 9, 1911. Rehearing denied November 11, 1911.

LEMON & LEMON, for appellant; GEORGE W. BURTON, of counsel.

STONE & GRAY and HERRICK & HERRICK, for appellee.

MR. JUSTICE FROST delivered the opinion of the court.

This is an appeal from a judgment for $1,000, which appellee obtained against appellant in the Circuit Court of DeWitt county for a personal injury sustained in the operation by appellee of a lifting jack, while in appellant's employ as a section-hand. Plaintiff testified that a switch frog had been raised by the jack, and as a car was approaching, the foreman told him to trip the jack, and that he walked over to the jack, raised the lever, threw the trip-lock over, and

started to press down; that something slipped and the
lever flew up and broke his right arm, about two or
three inches below the elbow. Numerous charges of
negligence on the part of the defendant are set forth
in the declaration, namely, that the ratchet and notches
on the jack had become worn so that it would not prop-
erly hold, and the bolt coming through the ratchet
was loose and worn and dangerous to use in raising
and lowering a track; that the jack was sprung, loose
and insecure, and had an improper trip-hook; and that
the same broke and caused the injury; that the plain-
tiff was not experienced in the use of the jack, and
that it was a complicated and dangerous tool, and that
defendant failed to warn plaintiff in using it; that the
defendant negligently failed to inspect the jack, and
that the notches of the jack had become so worn that
they did not hold properly. The accident happened
October 26, 1909.    Plaintiff states he had worked the
lever of the jack eight or ten times before. At the time
of the accident three men were working raising the
track.   There is evidence in the record that the jack
had been used for four or five years; that it had slipped
or kicked the day before and several times previous;
that the teeth of the ratchet and the dogs were worn to
some extent, that the trip-hook was worn, and that it
broke on the occasion in question, revealing a flaw in
the iron.   There is no evidence that plaintiff was negli-
gent or failed to exercise ordinary care in doing what
he was instructed to do.

Just what particular defect caused the injury,
whether from a defective trip-hook, or the worn con-
dition of the ratchet teeth, or the dogs, or because of
the general worn-out condition of the jack, does not
certainly appear from the evidence.    Mr. L. H. Bond,
roadmaster of the Springfield division of the Illinois
Central Railroad, and thoroughly familiar with the op-
eration of such matters, and a witness for appellant,

Long v. C., B. & D. Ry. Co., 164 Ill. App. 31.

testified that track jacks are under a very severe strain, and if worked a great deal, naturally wear; that if the jack had slipped on numerous occasions when weight had been put upon it there must have been something the matter with it; something would have to be wrong about it, either the ratchet or the dogs. While plaintiff may have used the jack before and knew its operation, it does not appear that he knew its condition was such as to make its operation dangerous, or that he knew what might be expected to happen from its use under the particular circumstances in question.

It was the duty of the defendant to make a proper inspection of appliances such as this, and not to furnish plaintiff a defective and dangerous instrument. The servant is not required to make an inspection of tools to ascertain whether or not they are in a dangerous condition, but may assume that the master has performed his duty by exercising reasonable care to provide reasonably safe tools, unless they are what is known as common tools. The Allen B. Wrisley Co. v. Burke, 203 Ill. 250.

Where both master and servant know of a defective appliance, but the servant does not know that the defect subjects him to the risk of an injury, he is not held to have assumed the risk, unless he should have comprehended the danger by the exercise of ordinary care. The Chicago Screw Co. v. Weiss, 203 Ill. 536.

We do not think the jack in question comes under the head of common tools. It was quite a complicated affair with ratchets, levers, etc., and so complicated that it required expert examination and opinion to ascertain the cause of its working improperly.

The evidence warranted the jury in finding that plaintiff was exercising ordinary care at the time, and that the accident occurred from a defective condition of the jack, that was known or ought to have been known to the appellant by the exercise of ordinary

care and diligence in the inspection of the jack, which it was its duty to have made.

The amount of the judgment is not excessive.

There was no error in the admission of the testimony of appellee's mother, Mary Powers.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*