# Dwight Orr, Appellant, v. Wahlfeld Manufacturing Company, Appellee.

## Gen. No. 5,738.

1. APPEALS AND ERRORS—*harmless error.* An alleged error in ruling of court on question of safely guarding a machine will not be considered on appeal when raised by appellant who obtained judgment in his favor.

2. APPEALS AND ERRORS—*harmless error.* An alleged error in instructions as to degree of proof required of plaintiff is not considered when raised by plaintiff on appeal from a judgment in his favor.

3. PARENT AND CHILD—*when parent relinquishes right to claim earnings.* Where a mother entitled to the earnings of her minor son, permits him to sue in his own name by herself as next friend, and in the declaration claim his right to recover future earnings during his minority, she thereby relinquishes her right to claim such earnings.

4. DAMAGES—*right of minor to recover for loss of future earnings.* In a personal injury action an instruction permitting a minor son to recover for loss of wages during the rest of his minority is properly denied where there is no evidence that plaintiff's father has lost his right to such earnings.

5. DAMAGES—*instructions.* In a personal injury action by a minor, an instruction to the effect that if the jury find for plaintiff, it is not necessary that any witness should have expressed an opinion as to the amount of damages, but the jury can make such estimate from the facts proven in connection with their experience in the affairs of life, is improperly refused.

6. DAMAGES—*inadequate.* A judgment for $500 in favor of a young man for the loss of portions of three fingers of his right hand is inadequate.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 12, 1913.

MANSFIELD, COWAN & BOULWARE and WILLIAM M. BARNES, for appellant.

WEIL & BARTLEY, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellant, a minor, was in the employ of appellee and was working upon a power driven machine called a wood shaper. His right hand was caught in the machine and he lost his little finger at the second joint, his third finger at or near the second joint, and his second finger at or near the first joint. This accident occurred on September 2, 1910, after the act to provide for the health, safety and comfort of employes, approved June 4, 1909, was in force. He brought this suit by his mother as his next friend to recover damages for the injuries so sustained. Each count of the declaration charged a violation of said statute in that said machine was not properly guarded, and some counts charged a wilful violation of the statute. Each count charged that it was practicable to have guarded the knives of the said machine. Several of the counts say that it was practicable for plaintiff to have guarded the machine. No doubt it was meant to charge that it was practicable for defendant to have guarded the machine, and these mistakes should be corrected before another trial. Some counts of the declaration alleged that plaintiff was in the exercise of due care, and appellant requested and obtained instructions which required of him due care. Appellant recovered a verdict and a judgment for $500, and appeals therefrom. He alleges error in the ruling of the court on the question of safely guarding the machine. The jury found for him and therefore he was not injured by that ruling. He argues that certain instructions, given for appellee, required of him too high a degree of proof, but the jury found he had the necessary proof. These questions are not raised by the record. Only two questions are raised. Appellant contends (1) that the court erred in refusing instructions 3 and 5, requested by appellant, and (2) that the damages awarded are inadequate.

Instructions given for appellant said that in the case

stated in those instructions the jury should assess plaintiff's damages as explained in other instructions. Instructions 3 and 5, requested by appellant, were the only ones upon the measure of damages and they were refused, so that the jury were left without any instruction as to the measure of damages. Appellee argues that the court properly refused the third instruction, because it contained the element of future pain and suffering and loss of strength and inability to work in the future and that there is no allegation in the declaration seeking a recovery therefor. This is a misapprehension. The first count, after alleging what happened to appellant and his suffering up to the time of bringing the suit, also alleged that he is permanently maimed and injured and will always continue to suffer as above stated and will always be incapacitated for the performance of manual labor. The second count is very similar, and the remaining counts contain partial allegations on that subject. There is however one serious objection to this instruction. Appellee was eighteen years of age when the accident happened. This instruction would permit him to recover for the loss of his wages during the rest of his minority. There is no proof that he has no living father or that he has ever been emancipated. So far as we can find from the proofs, his father may be entitled to his wages during his minority. He testified that he received a certain sum per week, but he may be turning all this over to his father for aught that appears. If his mother is his only living parent or if for any reason his father has permanently lost the right to appellee's wages, during his minority, then the mother, having permitted this suit to be brought in appellant's name, by herself as his next friend, and having permitted him in his declaration to claim the right to recover his future earnings during his minority, has thereby relinquished her right to claim such earnings. Chicago Screw Co. v. Weiss, 203 Ill. 536;

American Car & Foundry Co. v. Hill, 226 Ill. 227. But for lack of proof that his father is dead or has in some way been deprived of the right to recover appellant's future earnings, we are of opinion that instruction No. 3 was properly refused. Instruction No. 5 was to the effect that if the jury found for plaintiff, it was not necessary that any witness should have expressed an opinion as to the amount of his damages, but the jury could make such estimate from the facts proven in connection with their experience in the affairs of life. This instruction, which was fuller than we have stated, has often been approved. North Chicago St. R. Co. v. Fitzgibbons, 180 Ill. 466; Richardson v. Nelson, 221 Ill. 254; Keokuk & H. Bridge Co. v. Wetzel, 228 Ill. 253. In Richardson v. Nelson, *supra*, plaintiff was a minor, and that objection was presented to another instruction, but it was not suggested that it could affect the instruction now before us. Said instruction No. 5 should have been given.

Appellant has lost portions of three fingers of his right hand, as above stated, and will be deprived of the perfect use of that hand for the rest of his life and has necessarily suffered pain. He had been working for appellee about two years. He began work there at $7 per week and his wages had been raised several times, and he had been notified that, beginning the day following the accident, he would receive $15 per week. His evidence shows him to be a bright young man. We are of opinion that the award of $500 was so inadequate, even excluding his future earnings during minority, that a new trial should have been awarded him on that ground. Appellee contends that he was not entitled to recover at all, but appellee did not assign cross errors and we must assume that the jury were warranted in finding a verdict that defendant was liable. The judgment is therefore reversed and the cause is remanded for a new trial.

*Reversed and remanded.*