## Andrew Seley, Administrator of the Estate of Mike Seley, Deceased, Appellant, v. Fred Eckhardt, Appellee.

1. HIGHWAYS—*proof as to business character of street at scene of automobile collision.*  Where the record discloses that within the block where an automobile accident occurred there were six or eight business buildings on one side of the street and certain business buildings on the other side at or near the point in question, the evidence tended to prove that the place where the accident occurred was a closely built up business section of the city.

2. NEGLIGENCE—*capacity of child under seven years for contributory negligence.*  The law recognizes that up to the age of seven years a child is incapable of such conduct as will constitute contributory negligence.

3. NEGLIGENCE—*when instruction requiring child under seven years to exercise care for safety in using highway erroneous.*  Where the undisputed evidence showed that deceased was under seven years of age the court erred in giving the jury an instruction relative to the care required of a child over seven years of age, especially when it was followed by an instruction that each and every instruction read was given by the court and that it was the duty of the jury to apply to the facts the law as given in the instructions.

4. HIGHWAYS—*when giving of misleading instructions in negligence case reversible error.*  Where the evidence in an action for damages for the death of a child under seven years of age was sharply in conflict as to whether defendant was guilty of negligence in driving his automobile at an excessive and dangerous speed just prior to and at the time of the accident and as to whether, if so guilty, his negligence was the proximate cause of the accident, instructions which may have misled the jury into applying to deceased the degree of care required of a child over seven years of age was such error as will require reversal of a judgment for defendant.

Appeal by plaintiff from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1924. Reversed and remanded. Opinion filed July 7, 1924.

BURTON & BURTON, for appellant; WILLIAM P. BOYNTON, of counsel.

GEERS & GEERS, for appellee; R. V. GUSTIN, of counsel.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action on the case was instituted in the Circuit Court of Madison county by appellant as administrator, against appellee, to recover damages for the death of his minor son, occasioned by his being struck by an automobile driven by appellee. The accident in question took place on East Broadway in the City of Alton. Appellant's intestate at that time was under 7 years of age, the accident having occurred on March 23, 1923, and he was 6 years of age on the 3rd day of July, 1922.

The declaration consists of four counts. The first count charges appellee with general negligence in the operation of said automobile. The second count charges the operation of said car at a speed greater than was reasonable and proper, having regard to the traffic and use of the highway, etc. The third count charges that the place of said accident was in a closely built-up business portion of the City of Alton, and that the rate of speed at which appellee was operating said car was more than 10 miles per hour. The fourth count charges that the place of said injury was in a residential portion of said city, and that appellee was then and there operating his automobile in excess of 15 miles per hour; by reason whereof said automobile struck appellant's intestate, resulting in his injury and death as aforesaid.

To said declaration, appellee filed a plea of the general issue. A trial was had, resulting in a verdict and judgment, in favor of appellee. To reverse said judgment, this appeal is prosecuted.

The record discloses that Broadway in the City of Alton runs in an easterly and westerly direction; that on the south side of said street is located the track of the Alton, Granite & St. Louis Traction Company.

Just south of said track, but not on said street, is the right of way and track of the Big Four Railroad, and further south is the Chicago & Alton track. Broadway is a paved street, and the pavement extends over the tracks of said traction company and to the south of the south track about 2 feet.

The point where the injury occurred was between Washington Avenue, a street running in a northerly direction from Broadway, and Illinois Avenue, a street about 1 block east of Washington Avenue, and which runs in a southerly direction from Broadway. Neither Illinois Avenue nor Washington Avenue crosses Broadway. Appellant's intestate lived on Illinois Avenue, about 2 blocks south of Broadway.

The record discloses that, about 4.30 o'clock on the afternoon of the day in question, appellant's intestate was returning from school. He had come down Washington Avenue to Broadway, and then in company with some three or four other boys, passed down Broadway along the north side, going in an easterly direction. At a point on the north side of Broadway about three-fourths of the distance from Washington Avenue to Illinois Avenue, there is a restaurant known as the "Bee-Hive." The boys had stopped at this point for a few moments, and then appellant's intestate started across Broadway in a southerly or southeasterly direction, towards Illinois Avenue, when he collided with appellee's automobile, was thrown to the pavement and rendered unconscious, and died from his injuries in about a week thereafter.

Appellee was riding in a Nash roadster, in company with his brother, George Eckhardt, and one Theodore Parker. They were traveling in an easterly direction along said pavement. One M. L. Peters, a witness on behalf of appellant, who was a policeman in the City of Alton at the time of the injury, testified that in his judgment appellee was driving 40 miles per hour just prior to the accident. He further testified that after the accident he said to appellee: "What

is the matter with you East Alton fellows? When you get up here you go crazy, driving your cars. You go crazy driving your car. 'Well,' he said, 'I wasn't driving very fast.' I said, 'How fast were you driving?' 'Not over twenty miles.' 'Well,' I said, 'That is ten miles too fast.' " Appellee testified in reference thereto that he did not remember having made that statement to Peters. Peters further testified, that appellee had run his car off of the brick pavement on to the dirt or cinder road between the brick pavement and the interurban tracks, and that he "noticed a deep trench cut in the ground; in the cinders; it was quite long; I don't know just exactly how long. My best judgment as to the length of the ditch or trench that was cut by the wheels was 20 feet. It was about four inches below the surface of the surrounding cinders, as near as I can judge." This witness further testified that he placed appellee under arrest.

Edward Mosby testified on behalf of appellant that appellee's automobile was running at a high rate of speed, in his judgment 40 miles an hour, and that "the automobile went about three telephone lengths before it stopped after it had struck the little boy."

Sidney Bosoluke testified that appellee "was driving fast, going pretty fast. I saw the car hit Mike Seley. It hit him right here; right in here (indicating the side of the head) and it knocked him down and he rolled two or three times and the blood just poured out. The car ran about two and a half telephone posts before it stopped after it struck Mike."

Jim Papas, a witness on behalf of appellant, testified that he saw the automobile hit appellant's intestate. "I think it was going 35 or 40 miles, something like that. * * * The automobile was going three or four posts; that is telephone posts."

Tony Papas testified that in his judgment the automobile "was going 30 miles an hour. The automobile stopped at the third telephone post."

On the other hand, appellee, his brother, and Theo-

dore Parker, each testified that just prior to and at the time of said accident, said car was only being driven about 10 miles per hour. However, all of these witnesses admitted on cross-examination that they had testified at the coroner's inquest that said car was being operated at some 14 or 15 miles per hour at the time of the injury.

The record further discloses that on the north side of Broadway, between Washington Avenue and Illinois Avenue, there are some 6 or 8 business buildings in said block, and that there were certain business buildings on the south side of said street at or near the point in question. The evidence therefore fairly tended to prove that at the place where the injury occurred, it was a closely built-up business section of the city. *Schumacher v. Weinrath,* 177 Ill. App. 530.

The record is further to the effect that, at from 4 to 5 o'clock in the afternoon, there is considerable traffic on Broadway; that a great many persons pass along the sidewalk on the north side of Broadway, and that children returning from school come along said street at that time in considerable numbers. The record also discloses that there is a pathway crossing from the north to the south side of Broadway, at or near where appellant's intestate started to cross. The evidence is to the effect that persons living on Illinois Avenue, in going to and from their homes, frequently cross Broadway at or near the point where appellant's intestate received his injury.

This being the state of the record, it was important that the jury be correctly instructed as to the law governing the case. *Register-Gazette Co. v. Larash,* 123 Ill. App. 453; *Chicago, B. & Q. R. Co. v. Appell,* 103 Ill. App. 187.

It is contended by appellant that the court erred in giving the first, second and third instructions given on behalf of appellee.

We have examined the first and second of appellee's given instructions, and are of the opinion that

they both state correct principles of law, and were applicable to the facts in the case, and the court did not err in giving the same.

The third instruction given on behalf of appellee is as follows:

"The court instructs the jury that a child over seven years of age is required to exercise the degree of care which a child of his age, intelligence, capacity, discretion, experience and knowledge of his surroundings would naturally and ordinarily use in the same situation and under the same circumstances."

There was no conflict in the evidence with reference to the age of appellant's intestate. The father first testified that he was seven years of age, but then followed it up by giving the date of the birth of the child, and stating that he would have been 7 years of age on July 3, preceding the trial. The accident occurred on the 23rd day of March preceding, so that appellant's intestate was under 7 years of age.

The law recognizes that, up to the age of 7 years, a child is incapable of such conduct as will constitute contributory negligence, and our courts have uniformly so stated the law in their instructions to juries. *McDonald v. City of Spring Valley,* 285 Ill. 52-55. To the same effect are *Chicago City Ry. Co. v. Tuohy,* 196 Ill. 410; *Illinois Central R. Co. v. Jernigan,* 198 Ill. 297, 298; *Richardson v. Nelson,* 221 Ill. 254-257; *Hackett v. Chicago City R. Co.,* 235 Ill. 116; 20 R. C. L. 127.

The court therefore erred in giving the above instruction, as its only tendency would be to mislead the jury and to cause them to believe that the court was of the opinion that that principle of law, as stated in said instruction, was applicable in this case. Especially do we think this is true, as the fourth instruction given on behalf of appellee informs the jury that "each and every instruction read to you is given by the court, and it is your duty to know and consider these instructions, and to obey them, and to follow

them, and it is your duty to honestly and impartially apply the evidence and the facts in this case to the law declared in the instructions given you by the court."

Counsel for appellee practically concedes that this instruction should not have been given, but insists that appellant's second given instruction cured the error in the giving of appellee's third given instruction. We are of the opinion, however, and hold that the third instruction given on behalf of appellee would not necessarily be cured by the giving of appellant's second instruction, as the jury would not know which instruction to follow.

We would not be inclined to reverse this case for the giving of the third and fourth instructions given on behalf of appellee, but for the fact that the evidence in the case is sharply conflicting with reference to whether or not appellee was guilty of negligence in driving his automobile at an excessive and dangerous rate of speed, just prior to and at the time of the accident, and as to whether, if so guilty of negligence, such negligence was the proximate cause of the injury and death of appellant's intestate.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*