Anna M. Romine, Guardian of Estate of Ronald Roy Romine, Minor, Appellee, v. City of Watseka, Appellant.

Gen. No. 10,370.

Heard in this court at the October term, 1949. Opinion filed January 10, 1950. Rehearing denied April 5, 1950. Released for publication April 5, 1950.

KENNETH A. SMITH, of Watseka, for appellant; BUSCH & HARRINGTON and W. KENNETH PORTER, both of Champaign, of counsel.

WILLIAM G. CARR, of Chicago, and SAUM, BROCK & NELSON, of Waukegan, for appellee; THOMAS H. MURRAY, of Chicago, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

Anna M. Romine, guardian of Ronald Roy Romine, brought this action against the City of Watseka to recover damages for personal injuries Ronald sustained on February 27, 1948, when he fell from a truck which was being driven by his father near the intersection of North and Kay streets in that city. The issues made by the pleadings were submitted to

a jury resulting in a verdict for $15,000 in favor of the plaintiff. A motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial was made and overruled, and judgment was rendered on the verdict. To reverse this judgment the record is brought to this court for review.

The evidence discloses that at the time of the accident Ronald Roy Romine was five and a half years of age living with his parents at the corner of said Kay and North streets. On the night of the accident the plaintiff, Ronald, with his father, his brother Robert and sister, Nancy Lee, were at the home of the children's grandmother who lived on West North street. They left in the truck of the father. Nancy Lee Romine sat in the middle, and Ronald Roy Romine was sitting on the right-hand side of the truck next to the door. Robert Romine was standing in the body of the truck. As they approached the street intersection the truck slowed down to turn south on Kay street and the right front wheels of the truck struck a depression in the street with such force that Robert Romine was thrown down on his face in the truck and the plaintiff was thrown out of the truck and onto the ground where the rear wheel of the truck ran over his right leg and injured it to such an extent that it had to be amputated about six inches above the knee.

The evidence discloses that in the latter part of November 1946, a ditch about thirty inches in width was dug across North street in order to lay a water main to connect with a hydrant located on the south side of the street and about five feet west of the west line of Kay street. Prior to the accident this ditch had been partially filled, but six witnesses who lived in that immediate vicinity and passed the intersection one or more times each day, testified on behalf of appellee to the effect that the depression in the street varied from four inches to a foot in depth all the way

373

across the street and that the deepest portion extended from the hydrant to a point some twelve or fifteen feet into the street. The evidence on the part of appellant is that after the water main was laid, the ditch was filled in with material left over from digging the trench resulting in a raise or bump in the street about six inches in height; that during the first week in January 1948, employees of appellant, under the direction of its street superintendent, removed this ridge to a depth of two or more inches below the surrounding surface of the street and filled in the depression thus made with crushed rock; that three or four times thereafter the superintendent of streets noticed trucks and cars had thrown some of the rock out of the depression, and he caused the depression to be refilled and the last time this was done was on January 28, 1948, and that at the time of the accident the depression was only about three inches in depth.

Over the objection of counsel for appellee to the effect that the plaintiff was a minor living in the home of his parents and that the sole right to recover any expense incurred as a result of the injuries which the plaintiff sustained was in his parents, the attending physician and surgeon who amputated the leg of the plaintiff, was permitted to testify that the customary and reasonable charge for the services he rendered in the community where the services were rendered was $250 of which amount he had been paid $50 and over the objection of counsel for appellant that the right to recover for medical, surgical and hospital services and wages and earnings during minority cannot be assigned by the parents to the minor because he was living in the home of the parents and had not been emancipated, the court admitted in evidence an assignment by the parents to the guardian of their right to recover for such medical and hospital bills and loss of the minor's earnings. This assignment

374

reads: "The undersigned, Anna M. Romine and Roy Romine, husband and wife being the parents of Ronald Roy Romine, a minor, do hereby assign, transfer and relinquish to Anna M. Romine, the duly qualified and acting guardian of the estate of Ronald Roy Romine, a minor, all their right to recover for monies expended, incurred, and to be expended and laid out in the future for medical services, hospital services, surgical and medical treatment, nursing and medicine for said minor, as the result of the injuries received by said minor on the 27th day of February, A. D. 1948, and do hereby assign, transfer and relinquish their right to recover for any wages and earnings during the minority of said minor to Anna M. Romine, the duly qualified and acting guardian of the estate of Ronald Roy Romine, a minor."

Counsel for appellant do not contend in this court that the admission of this assignment in evidence or the testimony of the attending physician was error but do insist that the effect of the admission of this evidence was to render competent the evidence, hereinafter referred to, of contributory negligence on the part of the father, the driver of the truck.

On behalf of appellant, Austin Smith testified that in the late summer or early fall of 1947, either in September or October, he rode to work with the father of the plaintiff in the truck in which Ronald Roy Romine was riding when the accident happened. This witness was then asked to describe, as best he could, when he was in the truck, what if anything, he saw with reference to the right-hand door on the truck. To this question an objection was sustained. Thereupon counsel for appellant stated: "For the purpose of the record we propose to prove by this witness that the truck which Robert Romine was driving on the night of the injury had a defective door which would not stay closed and which fact was known to

375

the father and we make that offer as evidence of the father's negligence and that it is binding upon the guardian and the minor in this assignment which the court has admitted in evidence for the reason that the right of recovery for loss of earnings during a minority and all medical expenses in and by curing the minor of his injury are rights of action in the father and the mother, and those parents take,—the guardian or the minor,—take those rights subject to the same defense which could be shown against the original owner of right of action for right of recovery, namely the father and mother, and that is the purpose for which we are making this offer.'' An objection was sustained to the offered evidence and that ruling is assigned as error in this court.

It is to be observed that this offer of proof is indefinite and uncertain not only as to time when the witness observed that the door was defective but, also, as to which door was defective and which door would not stay closed. The offer also states conclusions as to what the witness would testify to, as well as the reason why appellant insisted such evidence should be admitted. The statement that the door was ''defective,'' without specifying in what manner it was defective, was merely an offer to prove a conclusion of the witness and inadmissible (*Harman v. Indian Grave Drainage Dist.*, 217 Ill. App. 502–510; *Martin v. Hertz*, 224 Ill. 84–88). Where any material part of an offer of proof is inadmissible it is not error to sustain an objection to the entire offer. The burden is not upon the trial court to separate that part of the offered evidence which is admissible, from that part of the offered evidence which is not admissible (*Harman v. Indian Grave Drainage Dist.*, 217 Ill. App. 502–510; *Browder v. Beckman*, 275 Ill. App. 193–197).

Neither do we think the offered evidence was admissible even had it stated facts instead of con-

clusions as to what the witness would testify to. The rule in this State is that a child under seven years of age is incapable of such conduct as will constitute contributory negligence, and the court may so declare as a matter of law (*Chicago City R. Co. v. Tuohy,* 196 Ill. 410–427), and when a child of such tender years is injured by the negligence of another, contributory negligence on the part of the parents cannot be imputed to the child to support the defense of contributory negligence so as to bar the minor's suit for injuries and damages. (*Chicago City R. Co. v. Wilcox,* 138 Ill. 370–381; *Richardson v. Nelson,* 221 Ill. 254–257; *Perryman v. Chicago City R. Co.,* 242 Ill. 269–274.) The exception is when the suit is for the benefit of the parents or the negligence of the parents is the sole proximate cause of the accident, and the defendant is free from any negligence proximately contributing to the accident and the injury to the child. If the accident and injury to the child is the result of the concurring negligence on the part of the child's parents and another the defendant is liable. (*Chicago City R. Co. v. Wilcox,* 138 Ill. 370–379.) Where a person is guilty of the negligence charged against him, it is no defense that some other person, or thing contributed to bring about the result for which damages are claimed. Either or both parties are liable for all damages sustained (*Siegel, Cooper & Co. v. Trcka,* 218 Ill. 559–562; *Brunnworth v. Kerens-Donnewald Coal Co.,* 260 Ill. 202–210; *City of Joliet v. Shufeldt,* 144 Ill. 403–410).

██ It is the theory of appellant that the door of the truck was not fastened and would not stay closed and that this was the proximate cause of the accident and not the depression in the street. In other words, that the depression in the street was merely a condition which afforded an opportunity for the accident to happen. There is no merit in this contention.

The cause of an injury is that which produces it. A condition is a situation which provides an opportunity for the accident to happen in the particular manner it did. (*Briske v. Village of Burnham*, 379 Ill. 193–199.) The failure of the door to stay closed did not cause the boy standing in the body of the truck to be knocked off his feet, or the child sitting on the seat near the door to be thrown from his position on the seat through the open door, onto the street and injured. The direct and immediate proximate cause of those happenings was the jolt to the truck when its wheels came in contact with the depression, and to that fact alone must be attributed the proximate cause of the accident.

In *Forney v. Village of Melvin*, 130 Ill. App. 203, the plaintiff was injured by her foot slipping on the snow causing her to step into a hole in a sidewalk and it was held that the defective condition in the sidewalk was the proximate cause of her accident and injuries and not the snow which caused her to slip and step in the hole. In *Carr v. Lee J. Behl Hotel Corp.*, 321 Ill. App. 432, the plaintiff was injured when he slipped on an icy pavement of an alley and fell against an unfastened door that opened into the alley and on through the door down the stairway leading into the hotel basement. It was there held that the defective latch on the door through which the injured party fell was not the proximate cause of his injuries and that the defendant was not liable. In the course of its opinion the court said: (page 437) "The alleged negligent act of keeping the door unlocked or having a defective lock on the door was nothing more than a condition. The act of plaintiff in making a misstep, or in slipping on the ice and snow and falling on and against the door caused his injuries." What is there said with reference to an unlatched and easily opened door is applicable to the situation presented in the instant case. The defective condition of the door on the truck would only provide an opportunity for the

child to fall and be injured in the particular way in which he was injured. It was not the direct and proximate cause of the accident and resulting injuries.

The same conclusion was reached in *City of Joliet v. Shufeldt,* 144 Ill. 403, where the plaintiff was injured when the vehicle in which she was riding came in contact with a defect in the street and she was thrown from the buggy. In that case, the horse hitched to the buggy in which she was riding became frightened and ran away, and it was contended, that even though the city may have been negligent with respect to the condition of the street, that the intervening act of the horse becoming frightened and running away was the proximate cause of the accident and the city was not liable. The court held otherwise and there stated the rule applicable to the city's liability as follows: (p. 410) "the general doctrine is, that it is no defense, in actions for injuries resulting from negligence, that the negligence of third persons, or an inevitable accident, or that an inanimate thing contributed to cause the injury to the plaintiff, if the negligence of the defendant was an efficient cause, without which the injury would not have occurred." This is the settled rule of law in this State. (*Miller v. Kelly Coal Co.,* 239 Ill. 626–629; *Fisher v. Chicago, R. I. & Pac. R. Co.,* 290 Ill. 49–55; *Brunnworth v. Kerens-Donnewald Coal Co.,* 260 Ill. 202–210.)

In *Roberts v. Economy Cabs, Inc.,* 285 Ill. App. 424, cited by appellant, no negligence was shown on the part of either party, but it was held that the defendant company owed a high degree of care to the plaintiff and as the evidence disclosed that she was injured without fault on her part, the doctrine of *res ipsa loquitur* was held to apply. In the instant case the offered evidence, construed most favorable to appellant, was not admissible. It would have tended to prove contributory negligence only on the part of the father and there was no error in giving to the jury

379

the first instruction which told the jury that negligence on the part of the driver of the truck could not be imputed to the child.

It is also insisted that the court erred in instructing the jury that if they found the defendant guilty that then in determining the amount of damages, the plaintiff's ward is entitled to recover, they should take into consideration the nature and extent of his injuries, his loss of health and suffering, if any, and future loss of health and suffering on account of said injuries, if any, and future loss of time and inability to work on account of said injuries, if any, and money expended for medical and surgical treatment, if any, so far as they are claimed in the complaint and proven by a preponderance of the evidence under the instructions of the court to have directly resulted from the accident in question.

Appellant insists that this instruction was improper because the primary right to recover for the wages and earnings of the minor during his minority, and medical care during his minority, is in the parents and that they alone can sue for and recover for such items. Counsel also insist that these are property rights vested in the parent and, if assignable, that then the assignee takes them subject to all defenses existing between the original parties and that contributory negligence on the part of a parent is therefore a good defense insofar as the parents right of action is based on an injury to the child during his minority. In *American Car & Foundry Co. v. Hill,* 226 Ill. 227–236, it was held that where the father brought suit for his minor son as his next friend and prosecuted the suit on the theory that whatever damages were sustained were recoverable by the minor, that the parent thereby estopped himself from thereafter recovering any damages for the child's diminished earning capacity during his minority, and that the giving of an instruction which would permit such a recovery by the minor was

not error. The rule announced in that case has been followed and approved in *Orr v. Wahlfeld Mfg. Co.*, 179 Ill. App. 235–237; *Ballentine v. Illinois Cent. R. Co.*, 157 Ill. App. 295–306; *Heidenreich v. Bremner*, 176 Ill. App. 230–236; *Boggs v. Iowa Cent. Ry. Co.*, 187 Ill. App. 621–628; *White v. Seitz*, 258 Ill. App. 318; *McHugh v. Hirsch Clothing Co., Inc.*, 308 Ill. App. 272–275 and *Chicago Screw Co. v. Weiss*, 203 Ill. 536–542. These holdings are in accord with the current of authority in other jurisdictions. (See Annotations in 37 A. L. R. 52 and 165 A. L. R. 726–731.)

The right of parents to emancipate their child and relinquish their right to his wages and earnings during the child's minority is recognized. This may be done by a written instrument such as presented in the case at bar, or implied by acquiescence on the part of the parent in allowing the child to receive his wages and earnings, or from conduct inconsistent with his claim for the further services of the child. (20 R. C. L. 608, 609; 39 Am. Jur. 702, § 64.) In either situation the parent will be barred of his right to claim the child's earnings and they may be sued for and recovered in a suit by the minor's guardian or next friend. (*Ballentine v. Illinois Cent. R. Co.*, 157 Ill. App. 295–306.) In such a suit the minor does not sue as assignee of his parents right of action, as they have lost that right by emancipation, but the minor sues for wages and earnings due and owing him in his own right (20 R. C. L. pp. 608–611, §§ 20 and 21). In the instant case it is alleged in the complaint that the plaintiff had been permanently injured and will be unable to work and earn money as he otherwise would have been able to do, and has been obliged to pay out large sums of money for doctor bills, surgeon treatments and nursing care, and that his parents have relinquished and assigned to appellee their right to recover for such items. Appellant made an issue of fact of the emancipation of the child in their answer by neither admitting

381

or denying that the parents had relinquished and assigned those rights to appellee. The instruction given stated the rule of law applicable to the questions of fact put in issue by the pleadings and the evidence and the instruction was proper.

The damages are not excessive. The plaintiff sustained the loss of a portion of his right leg. He is thus immeasurably handicapped. Considering the nature and extent of the injuries, the age of the child and the present purchasing power of money the award of the jury is well within the bounds of reason.

There are no reversible errors in this record and the judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*