Arthur F. Carr, Appellant, v. Lee J. Behl Hotel Corporation, Appellee.

Gen. No. 42,729.

Heard in the third division of this. court for the first district at the June term, 1943. Opinion filed February 2, 1944.

EDWARD J. PIGGOTT and CLARENCE S. PIGGOTT, both of Chicago, for appellant; CLYDE L. TODD, of Chicago, of counsel.

ALBERT M. HOWARD and WALTER A. CHRISTOPHER, both of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Arthur F. Carr filed a complaint in the circuit court of Cook county, alleging that on January 8, 1940 and prior thereto the Lee J. Behl Hotel Corporation was in possession of and operated as a hotel the premises known as Hotel Leland, located at the southwest corner of Racine and Leland avenues, Chicago; that the west wall of the hotel was bounded by a public alley running north and south between Leland and Wilson

avenues; that about 62 feet south of the northernmost point of the west wall there was a door which opened in, the base or threshold of which was a few inches from the alley pavement; that immediately inside the hotel building there was a flight of concrete steps which lead down into a basement; that the presence of the basement steps and door opening inward in such close proximity to the public alley constituted a condition which was dangerous to lawful use of the alley and therefore a duty rested on defendant to securely shut the door; that defendant knowing the condition of the door and cellar and the close proximity to the public alley, did negligently and carelessly fail to securely close the door by lock or otherwise so as to protect the public lawfully using the alley from the hidden dangers resulting therefrom, and did then and there permit the door to be and remain unlocked or unfastened or ajar, thereby subjecting the lawful users of the alley to the dangers of accidently falling therein; that plaintiff as a result of the aforesaid negligence, while in the exercise of due care and caution for his own safety, accidently fell through the doorway and thereby sustained serious injuries to his person, and he asked damages of $20,000. Defendant answering, admitted that it was in possession of the premises and operated the Hotel Leland; denied that the door or the premises constituted an unsafe condition, or that it negligently or carelessly failed to close or securely lock the door, or that any duty rested upon it so to do; denied that the door or the premises presented any hidden danger, or that it negligently permitted the door to be left open, unlocked or improperly fastened, or that it subjected plaintiff to great danger; and denied that the injuries suffered by plaintiff were proximately caused by a failure to perform any duty. Another defendant, the Leland-Racine Building Corporation, the owner of the fee and lessor of the premises, was dismissed from the case. The case went to trial before the court and

a jury. At the close of plaintiff's evidence, the court allowed defendant's motion for a directed verdict and judgment was entered against plaintiff, who appeals. Plaintiff's theory of the case is that defendant owed a duty to the public, including plaintiff, to exercise ordinary care in maintaining the door in question in a reasonably safe condition so as to avoid injury to the public, including plaintiff, while in the lawful use of the public alley and in the exercise of due care and caution for his own safety; that defendant's failure to discharge this duty constituted negligence and was the proximate cause of plaintiff's injuries. Defendant's theory is that plaintiff has failed to show any negligence on the part of defendant; that defendant has not breached any duty it owed to plaintiff; that even if defendant did owe a duty to plaintiff which it breached, this was not the proximate cause of the accident; that the proximate cause of the accident was the slipping of plaintiff on the icy pavement; that the only duty defendant owed plaintiff was to refrain from knowingly injuring him, and that the court, as a matter of law correctly determined the proximate cause of the accident.

Plaintiff was a lather. About 5:00 p. m. on Monday, January 8, 1940 he parked his automobile north of Wilson avenue on Clifton avenue. He made arrangements to meet his wife there later and then walked north on Clifton avenue to Leland avenue, where he entered a department store. Leland avenue runs in an easterly and westerly direction and is a block north of Wilson avenue, the latter also running in an easterly and westerly direction. Racine avenue runs in a northerly and southerly direction. He wished to contact William Kerwin, a contractor, concerning a lathing job. On being informed that Kerwin had just left the store, plaintiff walked out and thinking he saw Kerwin going west on Leland avenue, he set out to overtake him. When plaintiff reached a point where the public

alley in the rear of the Hotel Leland intersects the
south sidewalk of Leland avenue, he realized that the
person he was following was not Kerwin. Thereupon
plaintiff turned south into the alley, intending to walk
to Wilson avenue and then east to Clifton avenue,
where his car was parked. He walked south into the
alley about 40 or 50 feet when an automobile turned
into the alley from Leland avenue. This automobile
had its bright lights on and plaintiff stepped closer to
the west wall of the hotel. The automobile did not
continue to the point where plaintiff was walking, but
backed out into Leland avenue. Plaintiff continued to
walk south along the east side of the alley about two
feet from the hotel building wall. Plaintiff was a man
well acquainted with the alley. He had worked as a
lather on the hotel when it was under construction and
had also worked on the building immediately to the
south. He had traveled in the alley many times and
it was well known to him. It was getting dark and the
building walls rising high, added to the general dark-
ness. There was no light in the alley. The surface of
the alley was icy and covered with a light snow. It
was not pitch dark. Plaintiff could see that there was
snow and ice on the ground. Three inches of snow had
fallen the day before, and a light snow also fell on that
day. The snow covered the pavement and the ground
was white. Plaintiff took three or four steps, when he
slipped on an icy spot in the alley, causing him to lose
his balance and his body started to fall toward the
hotel door. In an effort to protect himself and regain
his balance, he raised his left arm. His left arm first
struck the brick wall at the north edge of the door
and his left hand then came in contact with the door,
which opened, and he fell down the concrete steps into
the basement of the hotel. He testified that the door
did not open until some part of his body came in con-
tact with it. He also testified that when his hand came
in contact with the door it "flew open." After several

painful efforts plaintiff was able to drag himself out of the basement and into the alley. Within a few minutes a patrol wagon with two police officers arrived and they placed him in the wagon. Officer Frank Weimer, one of these men, testified that he examined the door in the hotel and found that it would open when pushed against with the hand. Officer Walter Peterson, the other man, testified that he examined the door and lock both from the inside and outside; that he found the lock would not operate so as to keep the door securely fastened shut; that the catch in the lock would not respond to the turning of the door knob and would not engage in the groove on the door frame; that the door when pulled closed would open if leaned against or pressed; and that there were two or three steps going down into the basement. Plaintiff was taken to the County hospital. The fall resulted in a fracture of the femur of plaintiff's left leg. He was in the hospital from January 18, 1941 to April 17, 1941 and again from May 4, 1941 to July 14, 1941. His leg was operated on and was placed in traction for 40 days during the first period and for 69 days during the second period. Up to the day of the trial he was under the care, observation and treatment of members of the hospital staff. His injuries are severe and permanent.

Plaintiff argues that the court erred in directing a verdict for the defendant; that the evidence made out a *prima facie* case of negligence; that defendant was under a duty to exercise reasonable care in keeping the premises in a safe condition; that defendant failed to exercise reasonable care in discharging this duty; that whether or not plaintiff would have received the same injuries by falling against the door and then to the pavement of the alley was a question for the jury, and that the evidence showed that defendant's negligence was the proximate cause of the injuries. Plaintiff also urges that it cannot be held as a matter of law that the losing of his balance was the proximate

cause of his injuries, being nothing more than a concurrent or combining cause, and that defendant's negligence was an additional cause which concurred with the slipping or losing of his balance in bringing about the injuries. Plaintiff also states that under the evidence the presence of the snow and ice in the alley was at most an act of God, and that while the snow and ice may have produced the original slipping and loss of balance, this condition alone could not have produced the injuries, and that the injuries were caused by defendant's negligence causing the door to be left ajar or not securely fastened shut. Plaintiff's brief indicates an exhaustive study of the authorities on the subjects discussed. We have read these cases and are of the opinion that they are not applicable to the factual situation presented by the record. We are also of the opinion that plaintiff failed to make out a *prima facie* case and that the court was right in directing a verdict for the defendant. The defendant was in no way responsible for the icy condition of the alley pavement. The alleged negligent act of keeping the door unlocked or of having a defective lock on the door, was nothing more than a condition. The act of plaintiff in making a misstep, or in slipping on the ice and snow and falling on and against the door, caused his injuries. *Illinois Cent. R. Co. v. Oswald,* 338 Ill. 270; *Briske v. Village of Burnham,* 379 Ill. 193. We are satisfied that the alleged negligence of defendant was not the proximate cause of the injuries suffered by plaintiff. What constitutes proximate cause has been defined in numerous decisions. The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act. *Illinois Cent. R. Co. v. Oswald,* 338 Ill.

270; *Hartnett v. Boston Store of Chicago*, 265 Ill. 331; *Neering v. Illinois Cent. R. Co.*, 383 Ill. 366.

Entertaining these views the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

KILEY, J., concurs.

HEBEL, P. J., took no part.