No. 17,516.

EMMA M. AIKENS *v.* THE GEORGE W. CLAYTON TRUST COMMISSION, ET AL.

(288 P. [2d] 349)

Decided October 3, 1955. Rehearing denied October 24, 1955.

Mr. JAMES E. GRIFFITH, for plaintiff in error.

Messrs. WOOD & RIS, Mr. EUGENE S. HAMES, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

PLAINTIFF in error, as plaintiff, on October 1, 1948, filed her complaint in the district court against The George W. Clayton Trust Commission, its individual members, and the City and County of Denver, alleging that on November 5, 1947, when alighting from a tramway bus at the southwest corner of 13th avenue and Clarkson street, she was thrown to the ground because of a hole in the parkway of the property maintained by

defendants, and as a result received injuries and prayed for judgment in the sum of $15,000. By her amended complaints, plaintiff alleged that in falling she fell onto a pipe railing along the inside of the sidewalk at the corner, which had been erected by Scheibel, an employee of the defendant Commission. The city moved to dismiss as to it on the ground that plaintiff had failed to give the 60-day notice required by charter, which motion was sustained. On motions of remaining defendants, plaintiff filed a first, second and third amended complaint. The third complaint was for the naming of an additional party defendant, Scheibel, an employee of the Clayton Trust Commission. Trial was commenced to a jury on May 26, 1954, and at the close of plaintiff's evidence, defendants jointly moved for a directed verdict or that the complaint be dismissed. The motion to dismiss was granted; motion for new trial dispensed with; and thereupon a writ of error was procured by plaintiff.

As shown by the exhibits, this railing is such as is to be found at the corners of many properties, presumably to prevent pedestrians and bicycle riders from cutting through the corner to the injury and destruction of the lawn. The Trust Commission is the owner of the property and the record discloses that this so-called small guard railing was there for many years and was not placed there by the Commission, contrary to plaintiff's allegation and contention.

No witness other than plaintiff testified as to how the accident happened, and plaintiff testified that she had lived at 1225 Clarkson street for sixteen years; that she was thoroughly familiar with the corner and the railing, as well as the condition of the street and the parking. She had noticed the hole or depression in the parking all summer and in getting off the tramway bus, she always tried to avoid stepping into the hole or depression, and usually went to the front door of the bus to alight. She testified that she stepped into the hole, and that when she attempted to step out of it she did not step high

enough and stubbed her toe and started to fall; that in falling she fell all the way across the sidewalk and onto the railing, a distance of about eight feet. Her testimony in no way established that the guard rail was in any sense a dangerous obstruction. It was not upon the portion of the street reserved for vehicular travel; neither was it on the sidewalk designed solely for pedestrian use.

■ There is a suggestion that there was probable liability on the part of the city for permitting this hole or depression in the parkway over the long period of time. The hole being in the parkway, which is not designed for pedestrian use, the matter of the city's liability in such instances is settled by the case of *City and County of Denver v. Farmer,* 125 Colo. 462, 244 P. (2d) 1086, wherein it is said, in effect, that while the parkway is technically a part of the street, it is not such a part as is designed for, or considered as, a part of the sidewalk that is to be maintained in a safe condition for pedestrian use, and that the degree of care relative to the park area is of a lower standard than that required in the construction and maintenance of sidewalks.

■ The city being out of the case, plaintiff was called upon to establish liability on the part of the remaining defendants. These defendants had nothing whatever to do with the condition of the parkway, where plaintiff started to fall, and there is nothing to show that anything those defendants did or did not do was a contributing cause of the accident. Counsel for plaintiff contends that there were two concurring efficient causes which contributed to her injuries, that is, that the negligence of the city in permitting the hole to develop and the negligence of defendants in constructing and maintaining the guard rail. Under the facts of this case, the causes are wholly unrelated and therefore one could not be considered as the proximate cause and the other the remote cause. This accident was an unusual event and could not normally be expected.

378

Plaintiff was positive in her testimony that stepping into the hole and trying to get out was the reason that she fell, and that the guard rail did not cause her to fall. The only possible connection that the remaining defendants could have in any liability would be that concerning the construction and maintenance of the guard rail, and in view of plaintiff's testimony just referred to, it is unquestionably established that the guard rail was not the proximate cause of the accident. This is in accordance with the statement of the trial court at the time of sustaining defendants' motions to dismiss, and is aptly stated in the following language, "* * * in this Court's opinion, as a matter of law, the proximate cause of the injury of the plaintiff was the act of slipping in this depression, which was on city-owned property, and the fact that she fell into the guard rail, this Court does not feel alters the situation."

■ ■ The testimony did not in the slightest way tend to establish that the use of the sidewalk or the street was in any way impaired by the construction or maintenance of the guard rail. The guard rail was not on that portion of either the street or sidewalk designed and maintained for travel or the use of pedestrians. If there was negligence on the part of the city, then that negligence together with plaintiff's own actions, caused the fall at a point where there were known defects in the parking. In falling she struck the guard rail, a passive condition created or maintained by defendants, who could not, under the circumstances, reasonably foresee this unfortunate accident. There is no conflict in the testimony and the absence thereof left the determination of the proximate cause entirely to the court. Plaintiff's own testimony doomed her right of recovery, leaving no other course for the trial court than to dismiss the complaint. Therefore the order and judgment of dismissal was correct and is affirmed.