WARREN REED, Plaintiff-Appellant, *v.* DANVILLE CONCRETE
PRODUCTS CO. *et al.*, Defendants-Appellees.

Fourth District    No. 16997

Opinion filed December 10, 1981.—Rehearing denied January 8, 1982.

Thomas A. Clancy, of Mullen, Clancy & Associates, of Chicago, for appellant.

Ralph J. Swanson, of Sebat, Swanson, Banks, Lessen & Garman, of Danville, for appellees.

JUSTICE LONDRIGAN delivered the opinion of the court:

This negligence action arises out of injuries suffered by a worker during the construction of a house. The underlying facts here are not in dispute: the plaintiff, employed by a carpentry contractor, fell from a scaffold onto drainage tiles that another contractor had left at the work site. The trial court dismissed the complaint for failing to state a cause of action. We reverse.

On review the only question before us is the legal sufficiency of the complaint; a motion to dismiss admits all well-pleaded allegations. (*Richards v. Leimbacher* (1971), 131 Ill. App. 2d 775, 267 N.E.2d 523.) One or some or all three of the defendants installed a septic tank at the house. The complaint charges the defendants with negligence for leaving

drainage tiles near the house "in an area where a scaffold was erected" and for not removing the tiles and other debris upon the completion of the sewer system. These allegations signify the defendants' sole connection with the accident; the defendants did not erect the scaffold, employ the plaintiff, or cause him to fall. Two of the three defendants moved to be dismissed from this case because they had not existed at the time of the accident; the trial court never ruled on this motion. We construe the complaint to mean that the tiles were left near the house after the scaffold had already been erected there.

■▌ The defendants argue that the tiles did not proximately cause the plaintiff's harm because they did not cause him to fall. Whether an act or omission is a proximate cause is a question of fact unless the answer is so clear that reasonable minds would agree on it unanimously. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.) In *Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 380, 50 N.E.2d 497, 503, the court said,

> "What constitutes proximate cause has been defined in numerous decisions, and there is practically no difference of opinion as to what the rule is. The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act. [Citations.]"

The defendants cite four cases where persons fell into holes or onto objects; all four held that the places where the plaintiffs landed did not proximately cause the falls. (*Carr v. Lee J. Behl Hotel Corp.* (1944), 321 Ill. App. 432, 53 N.E.2d 295 (as plaintiff slipped in an icy alley he steadied himself against an unlatched door; the door opened and plaintiff fell down a stairway); *Aikens v. George W. Clayton Trust Com.* (1955), 132 Colo. 374, 288 P. 2d 349 (getting off a bus, plaintiff tripped on the sidewalk and landed on a metal guardrail); *Barber v. John C. Kohler Co.* (1968), 428 Pa. 219, 237 A.2d 224 (plaintiff fell 19 feet from a scaffold: 3 feet to ground level and 16 feet into a hole); *Frisch v. Texas Co.* (1950), 363 Pa. 619, 70 A.2d 290 (plaintiff slipped on a public sidewalk and fell into a grease pit).) *Aikens* and *Frisch* both observed, however, that the defendants could not have reasonably foreseen that these accidents would occur. We agree with the dissenters in *Barber* that the cause of the harm rather than the cause of the fall is the crucial question. We note that Illinois Pattern Jury Instructions, Civil, No. 15.01 (2d ed. 1971) defines "proximate cause" as a cause that "in natural or probable sequence, produced the injury complained of."

We reject *Carr's* distinction between conditions and causes; in that case the court construed the unlatched door as a "condition." Under this theory, one who only sets the stage for an accident is not liable when another person or source supplies the force that sets everything in motion. This analysis of proximate cause has been criticized, however, for exaggerating the passive nature of the condition. (Prosser, Torts §42, at 247-48 (4th ed. 1971).)

> "So far as [the theory of causes and conditions] has any validity at all, it must refer to the type of case where the forces set in operation by the defendant have come to rest in a position of apparent safety, and some new force intervenes. But even in such cases, it is not the distinction between 'cause' and 'condition' which is important, but the nature of the risk and the character of the intervening cause." Prosser, Torts §42, at 248 (4th ed. 1971).

■■■ The defendants support their position by arguing that they did not owe the plaintiff a duty of due care. This question of law (*Mieher v. Brown* (1973), 54 Ill. 2d 539, 301 N.E.2d 307) turns on the foreseeability and likelihood of the accident as well as the costs and consequences of making the defendant guard against it. (*Lance v. Senior* (1967), 36 Ill. 2d 516, 518, 224 N.E.2d 231, 233.) The accident here was foreseeable; the events were not unusual or freakish. A party has the duty to prevent only reasonably foreseeable occurrences. In *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617, an auto collision threw the plaintiff, a passenger in one of the cars, 30 feet onto a parkway, where one of his legs was impaled by a municipal drain pipe sticking out of the ground. As a result of this the leg had to be amputated. The court held that the "remote possibility of the occurrence did not give rise to a legal duty on the part of the Village to the plaintiff to provide against his injury." (56 Ill. 2d 372, 377-78, 308 N.E.2d 617, 620.) The plaintiff's accident here was not so improbable, for falls from scaffolds are not uncommon events. Imposing this duty on the defendants and others who occupy similar roles is reasonable. The costs and consequences of this duty are slight, for we see no great burden in requiring the defendants to observe due care in storing or discarding their materials. Whether the defendants have fulfilled this duty to the plaintiff remains to be adjudicated.

Reversed and remanded.

GREEN, P. J., and MILLS, J., concur.