Stanley W. JAKUBIEC,
Plaintiff–Appellant,

v.

CITIES SERVICE COMPANY, a
Corporation, Defendant–Third
Party Plaintiff–Appellee,

v.

EDWARD J. MEYERS COMPANY, a
Corporation, Third Party
Defendant–Appellee.

No. 87–1828.

United States Court of Appeals,
Seventh Circuit.

Argued March 1, 1988.

Decided April 20, 1988.

Neal G. Rosenfield, Rosenfield Kaplan & Halperin, Chicago, Ill., for plaintiff-appellant.

Phillip J. Zisook, Betar & Petit, P.C., Chicago, Ill., for defendant-third party plaintiff-appellee.

Before CUMMINGS, WOOD and FLAUM, Circuit Judges.

PER CURIAM.

Stanley W. Jakubiec, plaintiff, is appealing the district court's order granting summary judgment to defendant Cities Service Company (Cities) and Edward J. Meyers Company.[1] We reverse.

### I.

The plaintiff's claim, sounded in negligence, is based on an injury Jakubiec suffered on Cities' premises in 1982. The accident occurred when Jakubiec, a truck driver for Edward J. Meyers Company,[2] slipped off a platform[3] when attempting to load his truck with fuel at Cities' refinery. On this particular night, the platform was covered with ice and snow, the result of natural weather conditions. The plaintiff fell when attempting to fill his truck with fuel using the "bottom" load method. This procedure, implemented several months prior to the accident, required that the driver

---

1. The complaint, originally filed in Cook County, Illinois, was removed to federal district court on the basis of diversity jurisdiction.

2. Edward J. Meyers Company, plaintiff's former employer, is a third party defendant to the action and co-appellee. For clarity's sake, we refer to Cities as the sole appellee since our ruling will impact both Cities and Edward J. Meyers Company equally.

3. The platform was approximately 12 to 14 inches wide, 42 to 50 feet long and 1 to 2 feet high, with metal edging running its length.

load the fuel from underneath the truck. Thus, Jakubiec had to bend down to make the necessary connections. (The previous "top" loading method was performed by loading the fuel into the top of the truck, and required the assistance of Cities' personnel.[4]) In doing so, the plaintiff slipped from the platform to the ground beneath his truck, a distance of about two feet.

Jakubiec alleged that the accident occurred as a result of the slippery condition of the platform. He also alleged that the loading platform itself was dangerous.[5] When the defendants moved for summary judgment, the court referred the case to a magistrate to determine whether summary judgment should be granted. The magistrate advised the court to reject the defendants' motions for summary judgment. Despite this recommendation, the court ordered summary judgment for defendants. This appeal followed.

## II.

We review a grant of summary judgment to determine whether a genuine issue of a material fact exists and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The primary purpose of the rule is to avoid unnecessary trials when there is no genuine issue in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Smith v. Sno Eagles Snowmobile Club, Inc.*, 823 F.2d 1193, 1195 (7th Cir.1987). We must therefore decide whether the district court was correct in concluding there was no genuine issue which required a factual finding.

■ The magistrate decided in favor of Jakubiec on the summary judgment motion. However, a magistrate's findings are not binding on the court since only the judge has adjudicative power over dispositive motions. *Taylor v. Oxford*, 575 F.2d 152, 154 (7th Cir.1978). Nevertheless, they are persuasive in the instant case. The reviewing court in a summary judgment appeal must look at the entire record and all *reasonable inferences* drawn from the record in the light most favorable to the nonmoving party. *Reardon v. Wroan*, 811 F.2d 1025, 1027 (7th Cir.1987). As discussed below, the magistrate's conclusions were reasonable.

### A. Patent Defects

■ The district court ruled, as a matter of law, in favor of Cities since owners and occupiers of land owe no duty to protect or warn of naturally occurring conditions. Jakubiec agrees that Illinois law, the controlling law for the case, does not recognize a landowner's duty to protect or warn business invitees of naturally occurring conditions such as ice or snow. *Lohan v. Walgreens Co.*, 140 Ill.App.3d 171, 94 Ill.Dec. 680, 488 N.E.2d 679 (1st Dist.1986); *Greenwood v. Leu*, 14 Ill.App.3d 11, 17, 302 N.E. 2d 359, 361–62 (5th Dist.1973). This is true even if the owner is aware that the accumulation itself is hazardous. *Hankla v. Burger Chef Systems, Inc.*, 93 Ill.App.3d 909, 910, 49 Ill.Dec. 391, 392, 418 N.E.2d 35, 36 (4th Dist.1981).

However, this does not completely dispose of the issue. Jakubiec contends that the natural conditions were an aggravating factor to an already dangerous condition, the platform from which he fell.[6] Where a condition exists which will become dangerous by the addition of ice and snow, such a condition, if able to be discovered by the owner in advance, is a patent defect. *McGourty v. Chiapetti*, 38 Ill.App.2d 165, 186 N.E.2d 102 (1st Dist.1962). A land owner is liable for injuries which result from patent defects. *McGourty*, 38 Ill. App.2d at 175, 186 N.E.2d at 106. Thus,

---

**4.** Cities disputes Jakubiec's assertion that the platform made the procedure more difficult. However, at oral argument, the defendant conceded that the platform was originally designed for top loading, and that some refineries have modified their facilities as a result of the industry-wide change to the bottom loading method.

**5.** This allegation, although ambiguously worded in the plaintiff's amended complaint, sufficiently states the claim.

**6.** Cities, on the other hand, asserts that the platform conformed with industry standards and was not inherently dangerous. The court did not determine this issue.

the district court should have allowed Jakubiec to proceed on his claim that the platform itself was dangerous. Furthermore, Cities may also be liable under another legal theory. As discussed below, the Restatement (Second) of Torts, § 343A imposes a duty to warn invitees of dangerous conditions.

### B. Restatement (Second) of Torts, § 343A

As Cities correctly argues, Illinois law generally restricts a landowner's liability to business invitees. A business invitee is responsible for his own safety and is held to be aware of all obvious and normal hazards incident to the premises. *Fisher v. Crippen*, 144 Ill.App.3d 239, 244, 98 Ill. Dec. 183, 186, 493 N.E.2d 1204, 1207 (5th Dist.1986); *see also Nowicki v. Union Starch and Refining Co.*, 1 Ill.App.3d 92, 95, 272 N.E.2d 674, 676 (5th Dist.1971) (plaintiff's knowledge of danger in walking on wet catwalk is relevant to finding of duty), *rev'd on other grounds*, 54 Ill.2d 93, 296 N.E.2d 321 (1973); *Craig v. Olin Mathieson*, 427 F.2d 962 (7th Cir.), *cert. denied*, 400 U.S. 964, 91 S.Ct. 365, 27 L.Ed.2d 383 (1970). Arguably, Jakubiec was aware of the danger presented by the loading procedure since he had loaded fuel at Cities' facility many times before, although some of this experience was under the former method.

However, there are certain times when, despite the obvious nature of the danger, the landowner should anticipate that harm might occur. This generally occurs when the invitee can be expected to be distracted, or when the possessor has reason to expect that the invitee will proceed to encounter the known danger because a reasonable man would do so in his stead. *Sepesy v. Archer Daniels Midland Co.*, 97 Ill.App.3d 868, 874, 53 Ill.Dec. 273, 278, 423 N.E.2d 942, 947 (4th Dist.1981).

This principle is set forth in the Restatement (Second) of Torts, § 343A, an exception to the general liability rule:

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Restatement (Second) of Torts, § 343A(1) at 218 (1965). Section 343A has been adopted in Illinois. *Shaffer v. Mays*, 140 Ill.App.3d 779, 95 Ill.Dec. 83, 489 N.E.2d 35 (4th Dist.1986); *Piper v. Moran's Enterprises*, 121 Ill.App.3d 644, 77 Ill.Dec. 133, 459 N.E.2d 1382 (5th Dist.1984); *Sepesy, supra; Genaust v. Illinois Power Co.*, 62 Ill.2d 456, 343 N.E.2d 465 (1976). Comment f to § 343A illustrates the doctrine by means of an example:

A owns an office building, in which he rents an office for business purposes to B. The only approach to the office is over a slippery waxed stairway, whose condition is visible and quite obvious. C, employed by B in the office, uses the stairway on her way to work, slips on it, and is injured. Her only alternative to taking the risk was to forego her employment. A is subject to liability to C.

Restatement (Second) of Torts, § 343A, comment f, at 221 (1965). Comment f was, in part, relied upon in *Watkins v. Mt. Carmel Public Utility Co.*, 165 Ill.App.3d 493, 116 Ill.Dec. 420, 519 N.E.2d 10 (5th Dist. 1988).

The comment is particularly relevant to the present situation. Jakubiec suffered his injury in the course of his employment. He was required to utilize the platform in loading the fuel. Assuming for purposes of argument that he acted in the face of an obvious danger, it cannot be said as a matter of law that he acted unreasonably since his only other choice was to forego his assigned duties. Furthermore, whether the standard of care has been exercised in a case is ordinarily a question of fact for the jury. *Reynolds v. American Oil Co.*, 32 Ill.App.3d 905, 911, 337 N.E.2d 403, 407 (1st Dist.1975) (whether premises had been kept safe and whether injured truck driver had used care for his own safety were jury questions). Thus, summary judgment should not have been granted to the defendant.

### C. Sufficiency of Evidence

Cities also asserts that the plaintiff has failed to produce sufficient evidence to counter the summary judgment motion and to support his claim that the combination of the platform and the ice resulted in injury. Cities relies on *Smalling v. LaSalle National Bank of Chicago*, 104 Ill.App.3d 894, 896, 60 Ill.Dec. 671, 672, 433 N.E.2d 713, 714 (4th Dist.1982), where it was incumbent upon the plaintiff to produce evidence of a design defect prior to the summary judgment hearing. In *Smalling*, the plaintiff's complaint did not allege any design or construction defects. Here, however, Jakubiec did allege, albeit somewhat ambiguously, that the platform was dangerous.

Furthermore, although only Jakubiec's uncontested deposition supports his claim, this evidence is sufficient for purposes of surviving a summary judgment motion. The burden of establishing lack of genuine issue of material fact rests on the movant. *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984). Thus, even an inconclusive deposition can defeat a summary judgment motion. *Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 164 (7th Cir.1984).

### D. Proximate Cause

Finally, Cities contends that, even if a duty was breached, there is no causal relationship between Jakubiec's injury and any act or omission on the corporation's part. Proximate cause is ordinarily a jury question, *Duffy v. Midlothian Country Club*, 92 Ill.App.3d 193, 47 Ill.Dec. 786, 415 N.E.2d 1099 (1st Dist.1980), unless the answer is so clear that reasonable minds would unanimously agree on it. *Reed v. Danville Concrete Products Co.*, 102 Ill.App.3d 205, 206, 57 Ill.Dec. 707, 708, 429 N.E.2d 605, 606 (4th Dist.1981). It is true that recovery will generally be denied when an accident is caused solely by a naturally icy surface. *Davis v. City of Chicago*, 8 Ill. App.3d 94, 97, 289 N.E.2d 250, 252 (1st Dist.1972). However, if a slippery condition is combined with a defect, liability may be imposed if that defect is found to be a proximate cause of the injury. *Id.* Thus, the mere presence of ice and snow does not resolve the issue of proximate cause.

Whether or not the platform was the legal cause of Jakubiec's injury has yet to be addressed. The district court did not reach this question since it disposed of the case on the duty issue. Proximate cause turns on foreseeability. *Reed*, 102 Ill.App. 3d at 207, 57 Ill.Dec. at 708, 429 N.E.2d at 606. It cannot be said at this point that this accident was unforeseeable as a matter of law. Moreover, summary judgment is rarely appropriate in negligence cases due to the multitude of factual issues which need to be resolved by the jury. *Gracyalny v. Westinghouse Elec. Corp.*, 723 F.2d 1311, 1316 (7th Cir.1983). *See also Wolter v. Chicago Melrose Park Associates*, 68 Ill.App.3d 1011, 1018, 25 Ill.Dec. 224, 229, 386 N.E.2d 495, 500 (1st Dist.1979) (questions of due care and proximate cause are usually for jury to decide). Therefore, the district court should address the issues of duty and proximate cause.

Under the circumstances of this case, we believe it to be appropriate to let a properly instructed jury decide the factual issues. We intimate no view about the case on its merits. For these reasons, the district court order granting summary judgment for defendants is REVERSED and the case is REMANDED for further proceedings.