**Kenneth J. SZARNYCH, Plaintiff,**

v.

**THEIS-GORSKI FUNERAL HOME, INC., an Illinois corporation not in good standing, Raymond K. Theis, and Michael R. Gorski, Defendants.**

No. 96 C 1880.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 8, 1997.

Ernest Thomas Rossiello, Elena M. Dimopoulos, Rossiello & Associates, Chicago, IL, Margaret Moira Smith, Cook County State's Attorney, Chicago, IL, Sandra G. Quello, Ernest T. Rossiello & Associates, P.C., Chicago, IL, for Kenneth J. Szarnych.

Edward Christopher Abderholden, Van Duzer, Gershon, Jordon, Petersen & Loeffler, Chicago, IL, for Theis–Gorski Funeral Home, Inc., Raymond K. Theis, Michael R. Gorski.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

█ Plaintiff Kenneth Szarnych brings this action against defendants Theis–Gorski Funeral Home, Inc., Michael Gorski and Raymond Theis alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1. Presently pending is plaintiff's motion for summary judgment on his FLSA claim.[1]

### I. BACKGROUND

From December 1994 to January 1996, defendant Theis–Gorski Funeral Home, Inc. ("Funeral Home") employed plaintiff as a funeral director and embalmer. Defendant Michael Gorski is the Funeral Home's Vice President and Secretary. Plaintiff also named Raymond Theis as a defendant, although he is only the nominal president of the Funeral Home and, as a resident of Florida, did not participate in the Funeral Home's business during the time period at issue in the complaint.

Plaintiff's duties as the funeral director/embalmer of the Funeral Home were varied and included all aspects of embalming and organizing and directing the funerals. Plaintiff's responsibilities in directing funerals consisted of hiring personnel necessary for the funeral service, going to the church, if necessary, conducting the funeral service outside the funeral home and taking the remains to the place of burial or entombment. Plaintiff performed office work for the Funeral Home. This work encompassed filing insurance claims and documentation for burial, cremation and shipment of remains out of state or overseas. Plaintiff also performed maintenance work around the funeral home.

For his work, plaintiff was paid a salary of $758.00 per week. The parties differ as to

---

1. In defendants' memorandum in response to plaintiff's motion for summary judgment, defendants state that "[i]n lieu of a Response to [plaintiff's] Motion, the Defendant moves for an adjudication of Plaintiff's status by summary judgment." Defendants, however, have not complied with any of the procedural formalities required for a summary judgment motion. Defendants failed to comply with Local Rule 12's notice, presentment and filing requirements—for example, defendants' motion did not include a supporting memorandum or statement of material facts. In light of these serious procedural defects, *defendants' motion will be denied.*

their agreement with respect to any overtime hours worked by plaintiff. Plaintiff states that he expected to work a 40–hour week, which would not include weekends, and that he would be compensated for any overtime hours. Defendants, however, remember a different agreement. Defendants assert that when Gorski hired plaintiff, he asked plaintiff to work regularly scheduled weekend days, but plaintiff refused. According to defendants, plaintiff instead agreed to a $758.00 weekly salary and a 9:00 a.m. to 6:00 p.m. five-day work week. The arrangement further allowed for plaintiff to take time off as compensation for any extra hours worked. During his employ with the Funeral Home, plaintiff took off approximately twenty compensatory days. Plaintiff ended his employment with the Funeral Home by submitting a letter of resignation to Gorski dated January 15, 1996.

On April 1, 1996, plaintiff filed suit against defendants alleging that defendants violated the "maximum hours" provisions of Section 7(a) of FLSA, 29 U.S.C. § 207(a), and the Illinois Wage Payment and Collection Act, 820 ILCS 105/1, by failing to pay him overtime pay at a rate of one and one-half times his regular rate of pay. Plaintiff moves for summary judgment, asserting that no genuine of material fact exists to preclude a judgment in his favor on his FLSA claim. Plaintiff seeks judgment in the amount of $13,048.57 in compensation for overtime hours worked, $13,048.57 in liquidated damages pursuant to 29 U.S.C. § 216(b) and a 2% penalty under 820 ILCS 105/12(a) for each month the overtime remains unpaid. Plaintiff bases his estimation of the number of overtime hours he worked on his own notebook and calendar entries; it is undisputed that defendants maintained no records of plaintiff's hours worked. Plaintiff submits a computation done by a certified public accountant to support his calculation of the compensation owed to him on the basis of his records.

## II. SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The purpose of summary judgment is to assess the proof in order to see whether there is a need for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). On a motion for summary judgment, all reasonable inferences to be drawn from the underlying facts are viewed in favor of the party opposing the motion. *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1355–56; *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 704 (7th Cir.1993). If no reasonable jury could find for the party opposing the motion, it must be granted. *Mills v. First Federal Sav. & Loan Ass'n of Belvidere*, 83 F.3d 833, 839 (7th Cir.1996); *Hedberg v. Indiana Bell Telephone Co.*, 47 F.3d 928, 931 (7th Cir.1995). The burden of establishing the lack of any genuine issue of material fact rests with the movant. *Jakubiec v. Cities Service Co.*, 844 F.2d 470, 473 (7th Cir.1988). The non-movant, however, "must set forth specific facts showing there is a genuine issue for trial, and cannot rest merely on the allegations contained in the pleadings." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Plaintiff alleges that defendants violated FLSA by failing to pay him for overtime hours worked. 29 U.S.C. § 207(a)(1) provides in part that "no employer shall employ any of his employees for a work week longer than forty hours unless such employee receives compensation for his employment in excess of forty hours ... at a rate not less than one and one-half the regular rate at which he is employed." Defendants do not dispute that plaintiff was never paid overtime wages. Instead, defendants contend that plaintiff was either a bona fide administrative or professional employee. The FLSA exempts from § 207 "any employee employed in a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1). The employer bears the burden of proving the application of an exemption. *Corning Glass*

*Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974).

Plaintiff urges that *Mitchell v. Williams,* 420 F.2d 67 (8th Cir.1969), the only reported case involving application of the FLSA exemptions to a funeral director, requires a finding that a funeral director is not an exempt employee under FLSA as a matter of law. In *Mitchell,* the Eighth Circuit reversed the district court's ruling that the funeral director plaintiff was within the administrative, executive or professional employee exemption. The court, however, based its determination on one factor—plaintiff did not meet the minimum compensation level required to qualify for the exemption. *Id* at 69. The court did not address whether the duties of a funeral director might otherwise qualify for exemption. Unlike the *Mitchell* plaintiff, it is undisputed that plaintiff was compensated in excess of the $250 per week statutory minimum.

▇ Under the Department of Labor's "short test" governing employees who earn $250 or more per week, an exempt administrative employee is one (i) who is paid on a salary basis; (ii) whose primary duty consists of the performance of office or non-manual related work directly related to management policies or general business operations of the employer or the employer's customers; and (iii) whose work requires the exercise of discretion an independent judgment. 29 C.F.R. §§ 541.2(a)(1), (e)(2). "The FLSA is a remedial act and exemptions from its coverage are to be narrowly construed against employers." *Klein v. Rush–Presbyterian–St. Luke's Medical Center,* 990 F.2d 279 (7th Cir.1993) (citing *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960)).

Plaintiff takes issue only with the third requirement. Plaintiff contends that he is not an exempt administrative employee because his job required the exercise of "skill" and not "independent judgment" in the performance of his tasks. Department of Labor regulations ("DOL Regulations") recognize that this distinction is "frequently misunderstood and misapplied" in cases where the employee uses skill in applying techniques, procedures or specific standards. 29 C.F.R.

§ 541.207(b). The DOL regulations provide guidance in ascertaining whether the employee exercises discretion and independent judgment as opposed to skill:

> Perhaps the most frequent cause of misapplication of the term "discretion and independent judgment" is the failure to distinguish it from the use of skill in various respects. An employee who merely applies his knowledge in following prescribed procedures or determining which procedure to follow, or who determines whether specified standards are met or whether an object falls into one or another of a number of definite grades, classes, or other categories, with or without the use of testing or measuring devices, is not exercising discretion and independent judgment within the meaning of § 541.2.

29 C.F.R. § 541.207(c)(1).

The DOL regulations also note the confusion that has arisen in ascertaining whether the employee uses discretion and independent judgment where the employee makes decisions relating to matters of little consequence:

> The second type of situation in which some difficulty with this phrase has been experienced relates to the level or importance of the matters with respect to which the employee may make decisions. In one sense almost every employee is required to use some discretion and independent judgment. Thus, it is frequently left to a truckdriver to decide which route to follow in going from one place to another; the shipping clerk is normally permitted to decide the method of packing and the mode of shipment of small orders; and the bookkeeper may usually decide whether he will post first to one ledger rather than another. Yet it is obvious that these decisions do not constitute the exercise of discretion and independent judgment of the level contemplated by the regulations in Subpart A of this part.... [T]he discretion and independent judgment exercised must be real and substantial, that is, they must be exercised with respect to matters of consequence.

29 C.F.R. § 541.207(d)(1). In addition, the DOL Regulations state that the exempt administrative employees' duties must "require the exercise of discretion and independent judgment customarily and regularly," meaning a frequency greater than occasional but less than constant. *Id.* § 541.207(g).

In support of the contention that plaintiff was an exempt employee, Michael Gorski states that when he hired plaintiff "he intended that [plaintiff] independently operate the Theis–Gorski Funeral Home as the licensed Funeral Director/Embalmer. During [plaintiff's] tenure he was the sole Funeral Director in charge for over 20% of the time, when I was absent from the State." Gorski further states that plaintiff had the "unfettered responsibility" to arrange and direct all aspects of the funerals, including hiring persons needed for the services, supervising other personnel, overseeing paperwork, reviewing and signing off on death certificates, cremation permits, authorizations for releases and embalming and funeral purchase contracts.[2]

Gorski's testimony sufficiently raises an issue as to whether plaintiff falls within the administrative exemption. According to defendants, plaintiff managed a significant part of the Funeral Home's day-to-day business and possessed discretion in a number of important decision-making areas. Plaintiff argues that he did not possess independent judgment because he did not have the authority to commit the Funeral Home financially, but the DOL Regulations specifically state that the exemptions "do not require the exercise of discretion and independent judgment at so high a level." 29 C.F.R. § 541.207(d)(2). The extent to which plaintiff exercised discretion and independent judgment in performing his duties is contested by the parties and precludes a finding that, as a matter of law, plaintiff is not a bona fide administrative employee. Because the question of whether plaintiff is an exempt administrative employee under FLSA is a material issue in the case, plaintiff's motion for summary judgment will be denied.

**2.** Defendants also contend that plaintiff's motion for summary judgment is premature since he has not yet answered defendants' affirmative defense alleging that plaintiff was an exempt administra-

IT IS THEREFORE ORDERED that:

(1) Plaintiff's motion for summary judgment [6] is denied.

(2) Defendants' motion for summary judgment is denied.

(3) Plaintiff is directed to file an answer to defendants' affirmative defenses within seven days of the date of this order.

(4) The parties are to file a final pretrial order in open court on February 19, 1997 at 9:15 a.m.

tive or professional employee. Plaintiff will be directed to answer defendants' affirmative defense.