**James Harlan SALSBURY, Jr., Plaintiff,**

v.

**TRAC A CHEC, INC. and Brandy Philpot, Defendants.**

No. 04–2050.

United States District Court, C.D. Illinois, Urbana Division.

April 18, 2005.

Roy Jackson Dent, Brankey & Smith, P.C., Charleston, for Plaintiff.

Joseph S. Messer, Thomas R. Stilp, Maria L. Whiteman, Messer & Stilp, Ltd., Chicago, Robert G. Frederick, Frederick & Hagle, Urbana, for Defendants.

## ORDER

McCUSKEY, Chief Judge.

On March 11, 2004, Plaintiff James Harlan Salsbury, Jr. ("Salsbury") filed a Complaint (# 1) alleging that Defendants Trac A Chec, Inc. ("TAC") and Brandy Philpot ("Philpot") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by knowingly attempting to collect a debt from Salsbury while he was represented by counsel. On October 7, 2004, Defendants filed their first Motion for Summary Judgment (# 23). This court denied that motion on November 24, 2004. On March 3, 2005, Defendants filed a second Motion for Summary Judgment (# 28). Salsbury has filed an Objection (# 30) to the motion for summary judgment and a Response (# 31). For the reasons that follow, Defendants' motion is GRANTED.

## FACTS

Prior to February 11, 2004, a creditor of Salsbury placed a debt for collection with TAC. Philpot, an employee of TAC at the time, was assigned to collect Salsbury's debt and called his residence in an attempt to contact him on the morning of February 11, 2004. Salsbury's spouse informed Philpot that Salsbury had filed for bankruptcy protection and provided Philpot with the name of Salsbury's attorney. Salsbury had filed for bankruptcy protection on January 28, 2004. After verifying the information received from Salsbury's spouse, Philpot again called Salsbury's home to inform him that she would not be contacting him again. Philpot then called Salsbury at his place of work and left a mes-

sage for him to contact her at a specified number. Philpot's collector notes indicate that Philpot spoke with Salsbury's spouse at 9:18 a.m. on February 11, 2004, and was informed that Salsbury filed for bankruptcy. The next entry, entered at 9:29 a.m., indicates that Salsbury's account was closed with the entry "KILL PER BIG BIRD." Entries made at 9:38 a.m. on the same morning state, "LEFT NAME & # ON ANS. MACHINE" and "LEFT NAME & NUMBER @ WK."

In an affidavit attached to the motion for summary judgment, Philpot indicates that she called Salsbury's home after learning he filed for bankruptcy and was represented by counsel "to inform him that I had verified the attorney's representation of Plaintiff and would not be contacting Plaintiff again." Philpot goes on to state that she "did not try to collect on the debt and did not mention the debt." Furthermore, Philpot indicates that she "did not call with the intention to collect a debt" when she left a message at Salsbury's place of employment. Rather, Philpot states in her affidavit that she was "merely trying to be courteous in letting Plaintiff know that TAC would not be calling again."

## ANALYSIS

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, the court must decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Waldridge v.*

*American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994). In reaching this decision, the court must consider the evidence in the light most favorable to the party opposing summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The burden of establishing that no genuine issue of material fact exists rests with the movant. *Jakubiec v. Cities Serv. Co.*, 844 F.2d 470, 473 (7th Cir.1988).

■ The FDCPA restricts the ability of debt collectors to communicate with debtors when the debtor is represented by counsel. The FDCPA provides with regard to communication in connection with debt collection as follows:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt ... if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. 15 U.S.C. § 1692c(a)(2).

In their motion for summary judgment, Defendants argue: (1) there was no violation of the FDCPA because Philpot's calls to Salsbury were not made in connection with the collection of a debt; and (2) even if there was a violation, Defendants are entitled to summary judgment based upon the bona fide error defense set forth in § 1692k(c) of the FDCPA.

■ In light of the additional evidence presented by Defendants in their second motion for summary judgment, this court concludes summary judgment is warranted

because Philpot's calls to Salsbury were not made in connection with the collection of a debt. In her affidavit, Philpot attests that she made two calls to Salsbury after learning that he was represented by counsel. The first was a call to Salsbury's home in which she intended to inform him that she had verified the attorney's representation and would not be contacting him again. Because Salsbury was not home, she called his place of employment and left a message for Salsbury to contact her. Philpot states that she did not make either call with the intention of a collecting the debt, but rather "to be courteous in letting [Salsbury] know that TAC would not be calling again." Philpot's affidavit is supported by her collector's notes which indicate that the account was "killed" prior to making the two calls to Salsbury. In response, Salsbury offers no evidence to refut Philpot's assertions, other than his own statement that he can think of no other reason for Defendants to contact him other than to collect the debt.

The court finds the facts of this case analogous to those in *Bailey v. Security Nat'l Serv. Corp.*, 154 F.3d 384 (7th Cir. 1998). In *Bailey*, the defendant, a mortgage service corporation, sent a letter to a debtor which stated as follows:

> We wish to work with you on the resolution of your delinquency and will allow you to continue to make the payments remaining under this agreement. However, sending less than the forbearance payment amount and late payment of your monthly installment may render this agreement null and void requiring immediate payment in full of all sums due under the terms of your Note.

*Bailey*, 154 F.3d at 386. The court determined, *inter alia*, that the letter did not fall within the purview of the FDCPA because it was not a communication in connection with the collection of a debt. *Bai-*

*ley,* 154 F.3d at 388. Rather, defendant was merely informing the debtor of the current status of the account. *Bailey,* 154 F.3d at 389. Similarly, Philpot was merely informing Salsbury that she had confirmed his representation by counsel and would no longer be contacting him. Such communication is not a violation of the FDCPA because it is not in connection with the collection of a debt. Because this court determines Defendants did not violate the statute, the issue of the bona fide error defense needs not be addressed.

IT IS THEREFORE ORDERED:

(1) Defendants' Motion for Summary Judgment (# 28) is GRANTED.

(2) The final pretrial conference scheduled for October 7, 2005, and the jury trial scheduled to commence October 17, 2005, are VACATED.

(3) This case is terminated. The parties shall be responsible for their own costs.